### J. W. LYTTON v. MARION MANUFACTURING COMPANY.

(Filed 13 December, 1911.)

1. **Evidence—Corporations—Officers—Declarations—Hearsay.**

   Declarations of officers are inadmissible as tending to show negligence on the part of the corporation in an action for damages, except when the declarations are shown to have been made by them in the line of their official duty at the time they are discharging this duty in a transaction for the company.

2. **Evidence—Negligence—Insurance—Third Parties.**

   In an action for damages for a personal injury, evidence that the defendant's liability for the act complained of has been insured by a third person is entirely foreign to the issue, and is incompetent.

APPEAL from *Long, J.,* at August Term, 1911, of RUTHERFORD.

Civil action brought for damages for personal injury received by plaintiff while in defendant's employment.

There was verdict for plaintiff upon the issues submitted, and from the judgment rendered the defendant appealed.

*Solomon Gallert for plaintiff.*
*Ryburn & Hoey for defendant.*

BROWN, J.  The plaintiff was a machinist in the employment of defendant, and alleges that he was injured while operating a machine lathe by some defect in the mandrel furnished him.

The admission of the following evidence over the defendant's objection is assigned as error.  On his redirect examination the plaintiff was asked the following question by his counsel:

"You testified, Mr. Lytton, in response to Mr. Ryburn's question, that you were still in the employ of the Marion Manufacturing Company, notwithstanding the fact that you met with this accident and are suing them, and I wish you would tell the court and the jury how it happens that you are still in the employ of that company?"

To this question he replied:

"A. Well, when I came back from the hospital Mr. D. D. Little, the president of the mill, come to me and said, 'Mr. Lytton, I want to know how you feel about this matter,' and I said, 'Mr. Little, I feel like I am injured for life, and that company is responsible for not furnishing me the proper material.'  He said, 'Yes, Mr. Lytton, I expect you will have to sue, and you ought to have big damage,' and I said, 'Mr. Little, I want you to do something for me.  I think the company is due me something; if they had furnished me the proper stuff I would not have been hurt.  I would have two eyes now if they had give me the right steel in there and tools.'  And he said, 'I am awfully sorry you are injured, and I can't do nothing for you myself, but don't be afraid to sue.  It don't come off me.  I would like to do something for you, but it's got to come off the insurance people, and it shan't have anything to do with your job.  If you have to sue, go ahead.  I hope you get something.' "

This evidence was incompetent, and should have been excluded. It is well settled that the declarations of officers of a corporation are competent only when made in the line of official duty and while the officer is discharging it in reference to a transaction for the corporation.  *Younce v. Lumber Co.,* 155 N. C., 241, and cases cited; *Rumbough v. Imp. Co.,* 112 N. C., 751.

In addition to the incompetency of Little's declarations as mere hearsay, the subject-matter of the declaration is univer-

sally held to be incompetent and disconnected with the inquiry before the court.

Evidence that the defendant in an action for damages arising from an injury is insured in a casualty company is entirely foreign to the issues raised by the pleadings and is incompetent. By some courts it is held to be so dangerous as to justify another trial, even when the trial judge strikes it from the record.

*Cosselmon v. Dunfee,* 172 N. Y., 509; *Loughlin v. Brassil,* 187 N. Y., 128, 135; *Hordern v. Salvation Army,* 124 App. Div., 674, 676, 109 N. Y. Supp., 131; *Haigh v. Edelmeyer and M. H. Elevator Co.,* 123 App. Div., 376, 380, 107 N. Y. Supp., 936; *Manigold v. Black River Traction Co.,* 81 App. Div., 381, 80 N. Y. Supp., 861.

New trial.