## FRED ALLEN v. JOE GARIBALDI.

(Filed 31 May, 1924.)

**1. Evidence—Trials—Nonsuit—Questions for Jury—Statutes.**

Upon motion of defendant to nonsuit, considering the evidence in the light most favorable to the plaintiff (C. S., 567): *Held*, the evidence in this case was sufficient for the jury to find the issue of actionable negligence for the plaintiff, and to deny the motion. *Wallace v. Squires*, 186 N. C., 339.

**2. Evidence—Appeal and Error—Objections and Exceptions—Motions—Mistrials—Venire de Novo.**

Where the defendant's exception to the admissibility of evidence is sustained, he may not successfully contend on appeal that the suggestion in the question prejudiced him with the jury, though it was unanswered by the witness, his remedy being by motion for a mistrial, or *venire de novo* in the Superior Court.

APPEAL by defendant from *Harding, J.*, at November Term, 1923, of MECKLENBURG.

Civil action, to recover damages for an alleged negligent injury.

Upon denial of liability and issues joined, the jury returned the following verdict:

"1. Was the plaintiff injured by the negligence of the defendant's minor son, as alleged in the complaint? A. Yes.

"2. Was Lynn Garibaldi the agent and servant of the defendant, Joe Garibaldi, at the time of said injury, as alleged in the complaint? A. Yes.

"3. Did the plaintiff, by his own negligence, contribute to his injury, as alleged in the answer? A. No.

"4. If so, could the defendant's son, by the exercise of ordinary care, have avoided the injury to plaintiff, notwithstanding the negligence of the plaintiff? A. Yes.

"5. What damages, if any, is the plaintiff entitled to recover of the defendant? A. $5,000."

From a judgment on the verdict in favor of plaintiff, the defendant appeals, assigning errors.

*Parker, Stewart, McRae & Bobbitt for plaintiff.*
*Tillett & Guthrie for defendant.*

STACY, J. Plaintiff was injured on the night of 2 July, 1922, about 9 p. m., near the center of South Boulevard Street, in the residential section of the city of Charlotte, and this action is brought to recover damages therefor. He was working for the local traction company, and had gone out to repair some electric wires which had been damaged by a storm. While crossing the street, plaintiff dropped a transformer plug (a metal object, about 6 inches long) and was engaged in looking for it, leaning over in a stooped position, when he was struck by defendant's automobile, which was being driven at the time by Lynn Garibaldi, defendant's minor son. It was alleged that the automobile was not equipped with proper lights and was being driven at an unlawful rate of speed; that the driver failed to give any warning of his approach, and neglected to keep a proper lookout for persons or pedestrians on the street, and that he failed to stop his automobile or swerve it to the side so as to avoid striking the plaintiff, which he could and should have done in the exercise of due care.

The exception upon which the defendant has placed much emphasis is the one directed to the refusal of the court to grant his motion for judgment as of nonsuit, made first at the close of plaintiff's evidence, and renewed at the close of all the evidence. C. S., 567. Without stating the facts in detail, some of which are in dispute, we are convinced, from a careful perusal of the record, viewing the evidence in its most favorable light for the plaintiff, the accepted position on demurrer or motion to nonsuit, that the case was properly submitted to the jury, and that the verdict, as rendered, is amply supported by the testimony of plaintiff's witnesses. In fact, it is frankly conceded by the defendant that the decision in *Wallace v. Squires,* 186 N. C., 339, must be overruled if his motion for judgment as of nonsuit is sustained in the present case. Without deciding whether we shall follow all that was said in that case, it is sufficient for present purposes to state that the "family-purpose" doctrine, with respect to automobiles, has been adopted as the law of this jurisdiction in several recent decisions. *Robertson v. Aldridge,* 185 N. C., 292; *Tyree v. Tudor,* 183 N. C., 340 (modified in another respect in *Williams v. R. R., ante,* p. 354); *Clark v. Sweaney,* 176 N. C., 529; *S. c.,* 175 N. C., 280; *Williams v. May,* 173 N. C., 78; *Taylor v. Stewart,* 172 N. C., 203. For an extended discussion of this doctrine, see 33 Yale Law Journal, 780, and note to *Arkin v. Page,* 287 Ill., 420, as reported in 5 A. L. R., 216.

The next exceptions, earnestly pressed by defendant, are those addressed to the following questions asked Lynn Garibaldi and his father, Joe Garibaldi, when they, as witnesses, were being cross-examined by plaintiff's counsel:

"Q. I will ask you (Lynn Garibaldi) if you don't know that your father notified the indemnity company of this injury?" Objection by defendant sustained.

"Q. Mr. Joe Garibaldi, after this accident occurred and before any suit was brought in this case, did you write a letter to the United States Casualty Company notifying that company of this accident?" Objection by defendant sustained.

It is the position of the defendant that the asking of these questions, though not allowed to be answered in the presence of the jury, was highly prejudicial to a fair and impartial trial, because they carried with them the suggestion that the defendant was insured in a casualty company and that whatever damages might be awarded would be paid by another, a stranger, and not by the defendant. On account of the propounding of these interrogatories, defendant insists that a new trial should be awarded, and cites the following cases as supporting, either directly or in tendency, his position in this regard: Star v. Oil Co., 165 N. C., 587; Lytton v. Mfg. Co., 157 N. C., 333; Conover v. Bloom, 112 Atl. (Pa.), 753; Aiken v. Lee, 206 N. Y., 20, and Edwards v. Earnest, 89 So. (Ala.), 729, where the question is discussed at considerable length.

The plaintiff, on the other hand, contends that the above questions were not only proper, but that the court erred to his prejudice in not allowing them to be answered. He says they were competent as tending to show a recognition on the part of the defendant, which was denied by him, of the relation of principal and agent existing between himself and his son at the time of the injury. In support of this position he cites the following authorities: Robinson v. Hill, 60 Wash., 615; 111 Pac., 871; Baten v. Ice Co., 180 Mo. App., 96; 166 S. W., 883; Oil Co. v. Carson, 185 S. W. (Tex.), 1002; Lbr. Co. v. Cunningham, 57 So. (Miss.), 916.

Without deciding upon the merits of these opposing contentions, we think the defendant's motion for a new trial, after verdict, upon the ground stated, must be overruled. The court sustained the defendant's objection, and this was all that he was asked to do at the time. There was no motion for a mistrial, or venire de novo, because of these alleged improper questions. Defendant elected to proceed with the trial and to take his chances with the jury as then impaneled. Indeed, it appears that counsel for both sides, during the argument, cautioned the jury to disregard the suggestion of liability insurance, as there was no evidence

in the case tending to show its existence. Evidently the defendant did not consider it of sufficient importance on the trial to ask that a juror be withdrawn and a mistrial entered.

The remaining exceptions and assignments of error present no new or novel point of law not heretofore settled by our decisions, and it would only be a work of supererogation to consider them *seriatim.*

After a full and careful consideration of the whole record, we have found no reversible or prejudicial error, and this will be certified to the Superior Court.

No error.