Civil action to recover damages for personal injuries. Plaintiff, on 5 November, 1923, was riding a bicycle on Tryon Street, in the city of Charlotte. At the same time a heavy motor truck, owned and operated by defendant, and loaded with crushed stone, was being driven in the same direction as that in which the bicycle was going. The bicycle was between the moving truck and the curb of the sidewalk. As the result of a collision between the truck and the bicycle, plaintiff was thrown from the bicycle under the wheels of the truck, thus sustaining injuries which resulted in the amputation of his arm.
Plaintiff alleges that "the truck, while being so driven along South Tryon Street in said city, was, without warning, suddenly, wilfully, recklessly, negligently, and carelessly turned and driven against and *Page 785 
over the person and against the bicycle upon which plaintiff was riding; that at the time the said truck was so turned and driven against him and over him and against his bicycle, plaintiff was riding his bicycle along the street in a careful and prudent manner; that he was keeping near the curb at the right-hand side of said street as required by law and by the traffic regulations of the city of Charlotte; that the driver of defendant's truck, well knowing the danger to the plaintiff, his attention having been called to such danger, or by the exercise of due diligence and by proper attention, should have known the danger to the said plaintiff, suddenly and without warning to said plaintiff, and without keeping any proper lookout, drove defendant's truck in a reckless and negligent manner toward the right side of the street and against and over the plaintiff's person and against his bicycle, as aforesaid, striking plaintiff's left leg and striking the front wheel of plaintiff's bicycle, causing plaintiff to fall under defendant's truck and crushing his left arm under the wheel of said truck, and otherwise bruising, lacerating, and permanently injuring his body in numerous places."
Defendant, in its answer, denies that the cause of plaintiff's injury was as alleged, and says "that the defendant was operating a motor truck loaded with stone, and the said truck was running north on South Tryon Street, on the right-hand side of the street, when, as defendant is informed and believes and, therefore, alleges, plaintiff, riding a bicycle, rode up alongside of the truck and grasped with one hand the side of said truck, operating his bicycle with the other hand; that while so situated his bicycle skidded out from under him and he was thrown to the ground, his left arm being run over by the rear wheel of the truck, crushing same and necessitating the amputation of said arm; that the presence of plaintiff at rear of the truck was unknown to the driver of said truck, plaintiff being in such position as to make it impossible for the said driver to see him." Defendant expressly denies that plaintiff's injury was the result of its negligence, and pleads the contributory negligence of plaintiff as a defense to his action against it.
Upon the verdict of the jury, judgment was rendered that plaintiff recover of defendant the sum of $15,000 and the costs of the action. From this judgment defendant appealed to the Supreme Court.
Plaintiff, while testifying as a witness in his own behalf, in response to the direction of his counsel to tell the court and jury how he was injured, said, in part: "Well, when the truck swerved in on me quickly, I slowed up, and when he did that he hit my front wheel and threw it out from under me; this threw me back under the truck and *Page 786 
mashed my left arm. My head was lying toward Williams-Shelton and my feet toward the curbing. Just as I got run over somebody hollered, `They ought to shoot that driver!'" Defendant objected to the statement contained in the last sentence of the foregoing quotation and noted an exception. The court said, "Yes, don't tell that." This is made the basis of defendant's first assignment of error.
Defendant did not move to strike from the record the statement objected to nor request the court to instruct the jury that this statement should not be considered by them as evidence. Conceding that the objection to the statement was well taken, the assignment of error cannot be sustained. The court, in effect, sustained defendant's objection and the jury must have so understood. If defendant desired a more explicit ruling upon its objection or a more explicit instruction to the jury, it should have moved the court to strike the objectionable statement from the record and requested an instruction to the jury that the statement of the witness as to what somebody said at the time he was thrown under the wheels of the truck should not be considered as evidence. Defendant did neither. The exception is not directed to any action of the court, and is not sufficient to support an assignment of error to be considered in this Court upon appeal.
If defendant deemed the statement of the witness, which was not in response to the question directed to him by his counsel, but voluntarily made, incompetent and prejudicial, it should have directed its objection to the court, accompanied by a motion to strike the objectionable statement from the record, and by a request for an instruction, if desired, to the jury that the statement had been stricken from the record and should not be considered as evidence. To a ruling upon this motion an exception would lie as basis for an assignment of error upon appeal to this Court; Huffman v.Lumber Co., 169 N.C. 259; Wooten v. Order of Odd Fellows, 176 N.C. 52;S. v. Green, 187 N.C. 466.
I. O. Eason, witness for defendant, testified that he was the driver of defendant's truck on the occasion of the collision when plaintiff was injured. His testimony on his direct examination tended to contradict the testimony of witnesses for plaintiff and to show the facts to be as contended by defendant. On cross-examination he testified that he lived in Charlotte at time plaintiff was injured, but at Nicholsville, Kentucky, at time of trial. He further testified that he owed some bills in Charlotte which he had not paid, because he had not had the money with which to pay them. Thereupon the cross-examination proceeded as follows:
Q. Well, who furnished you the money to come all that long distance, from Nicholsville, Kentucky, back here, if you did not have money enough to pay any of your grocery bills? A. The company. *Page 787 
Q. Which company? A. The insurance company, I suppose.
Q. How much did they give you to come back and testify? A. They were just going to pay my railroad fare back.
Q. And how much per day were they going to pay you? A. I don't know; necessary expenses, I suppose.
Q. I will ask you if at one or two other terms of court here if you did not refuse to come back because they had not made arrangements satisfactory to you? A. No, sir.
Q. Well, you did not come? A. No, sir.
Q. I will ask you if the insurance company had not notified you that the case was on for trial? A. Yes, sir.
Q. And I will ask you if you did not refuse to come back? A. No, sir; I have not.
Q. Why did you not come back? A. I had no way to come.
Q. In other words, you and they had not agreed on the money? A. No, sir.
Q. And as soon as you did agree on the money, then you came back? A. No; there has been no agreement on the money.
Q. You got the money, did you? A. They just paid my way from there here.
Q. And you haven't got anything else? A. No, sir.
Q. Did they send you a railroad ticket or send you cash? A. The fellow come from Cincinnati down there, an insurance man, and got me a ticket.
Q. I will put you on your guard and ask you if you did not tell Colonel Lockhart this morning, one of the insurance company's lawyers —
By Mr. Jones: If your Honor please, I make a motion that a juror be withdrawn and a mistrial ordered in this case.
Motion denied; defendant excepts.
Mr. Preston: I ask permission of the court to withdraw the word "insurance." Permission granted.
No objection was made by defendant to questions or answers in this cross-examination until the question was asked involving an implication that Colonel Lockhart, one of defendant's attorneys appearing at the trial was "one of the insurance company's lawyers." Upon objection made to this question, because of the implication, counsel for plaintiff immediately disclaimed the implication and proceeded with the cross-examination without further objection.
The learned and conscientious judge presiding at this trial declined to order a mistrial upon defendant's motion. The motion was addressed to his legal discretion; no facts appear upon which we are called upon to review his denial of the motion. We do not, however, approve the *Page 788 
reference by counsel for plaintiff conducting the cross-examination to one of the attorneys of record for defendant as "an attorney for the insurance company." Counsel himself at once recognized his error and, with the permission of the court, withdrew the question. The effect of the cross-examination was not to show that defendant had liability insurance. The purpose was to show that the attendance of this witness at the trial was procured by a promise or agreement to pay him money other than the amount allowed by law to witnesses.
In Allen v. Garibaldi, 187 N.C. 798, it was held that a motion for a new trial, after verdict, upon the ground that questions asked defendant and his son on cross-examination by plaintiff assumed that defendant had a contract with an indemnity company relative to plaintiff's claim for damages was properly overruled. Justice Stacy, writing the opinion for the Court, says: "The court sustained the defendant's objection to the questions, and this was all he was asked to do at the time. There was no motion for a mistrial or venire de novo because of these alleged improper questions. Defendant elected to proceed with the trial and to take his chances with the jury as then impaneled." Objections to the questions were sustained upon the authority of Starr v. Oil Co., 165 N.C. 587; Lytton v.Mfg. Co., 157 N.C. 333. In the instant case the question containing the objectionable implication followed a series of questions, unobjected to, all of which were for the purpose of impeaching the witness. The motion for mistrial in this case was made in apt time, but these questions are easily distinguishable from those in Allen v. Garibaldi, supra.
In Bryant v. Furniture Co., 186 N.C. 441, Chief Justice Hoke states the rule applicable to this exception and says that where the fact that defendant charged with negligent injury held a policy of indemnity insurance against liability for such injury is brought out merely as an incident on cross-examination or otherwise, it will not always or necessarily constitute reversible error. See Davis v. Shipbuilding Co.,180 N.C. 74. Assignment of error based upon defendant's fourth exception is not sustained.
The third and fifth exceptions are to the refusal of the court to sustain defendant's motions for judgment of nonsuit, the first made at the close of plaintiff's evidence and the second at the close of all the evidence. The first exception was waived by the introduction of evidence by defendant, C. S., 567. There was evidence tending to support the allegations of the complaint. This evidence construed in accordance with the well-settled rule applicable on consideration of motion for nonsuit is sufficient to be submitted to the jury as sustaining the contention of plaintiff, and the assignments of error based upon these exceptions are not sustained. *Page 789 
There was evidence tending to show that plaintiff, at the time he was injured, was just past 14 years of age. He was going to school and was in the seventh grade. He had been riding a bicycle about a year and had owned the bicycle on which he was riding at time he was injured about 6 or 8 months. He rode the bicycle on the streets of Charlotte while at work, carrying packages for the New Efird Department Store and selling newspapers, and also for pleasure. He had lived in Charlotte 11 years. He is the oldest boy in a family of seven children, was industrious, and earned while at work, during hours when not at school, eight to twelve dollars per week. His mother testified that he had never given her a bit of trouble. She said, "He has been a good boy, made good marks at school, attends church regularly, is a member of the church, and is what I call a straight-out boy."
His Honor charged the jury as follows: "It was the duty of plaintiff to use reasonable care for his own safety in driving or riding his bicycle along the street; that is, he is required, gentlemen, to use the same care that a boy of his age and experience and knowledge would have used under the same or similar circumstances." If you find from the greater weight of the evidence, gentlemen of the jury, that the plaintiff was riding along at the time of the accident by this truck and holding on to the truck with only one hand on the handlebars of his bicycle, the court instructs you that it would be negligence upon the part of the plaintiff, and if you find that he was injured, either as a direct result of the manner in which he was riding or if the manner in which he was riding and holding to the rod of the truck with only one hand on his bicycle, provided he was doing that way, if that contributed proximately in producing his injury, then in either event it would be your duty to answer the second issue `Yes,' provided defendant has shown this by the greater weight of the evidence. Or if he was not in the exercise of care which an ordinarily prudent person of his age and experience and observation would exercise, and in consequence of that he was injured, or such failure upon his part contributed proximately in producing his injury, in either event it would be your duty to answer the second issue `Yes,' and defendant contends that this is what you ought to find."
We find no error in these instructions. His Honor did not instruct the jury here or elsewhere in his charge that plaintiff, a boy of 14 years of age, as a matter of law, was not responsible for his conduct or that he could not be held, on account of his age, guilty of contributory negligence. These instructions are supported by Baker v. R. R., 150 N.C. 563;Burnett v. Mills, 152 N.C. 37; Alexander v. Statesville, 165 N.C. 527;Fry v. Utilities Co., 183 N.C. 281, and cases cited in the opinions in these cases. *Page 790 
The age, experience and observation of plaintiff were not material in the consideration of the first issue involving negligence of defendant as the proximate cause of plaintiff's injury; defendant in support of its contention that plaintiff by his own negligence contributed to his injury alleged that at the time he was thrown from the bicycle he was riding along beside the truck with one hand on the truck and only one hand on the handlebar of the bicycle. This was denied by plaintiff, and the evidence was conflicting and was properly submitted to the jury under instructions from the court upon the issue as to contributory negligence.
We have considered the other assignments of error and do not find that they are sustained. There was evidence to sustain the verdict of the jury. We find no error. The amount assessed as damages is large. His Honor did not think it excessive, and the judgment upon the verdict must be affirmed.
No error.