ELIZABETH DUKE, by Her Next Friend, HAYWOOD DUKE, v. CRIPPLED CHILDREN'S COMMISSION, INC.

(Filed 14 December, 1938.)

**1. Negligence § 18—**

In an action for negligent injury, evidence that defendant has liability insurance, or "has made arrangements to pay all judgments that might be rendered against it on account of negligence," is ordinarily incompetent.

**2. Pleadings § 29: Hospitals § 6—Held: Allegations should have been stricken out, since evidence in support thereof is incompetent.**

In this action to recover for alleged negligent treatment received by plaintiff while a patient in defendant hospital, the complaint alleged that a recovery would not impair trust property held by defendant for chari-table purposes and that defendant had special arrangements to pay all judgments rendered against it on account of negligence. The complaint did not allege that defendant is claiming immunity by reason of being a charitable institution, or even that defendant is a charitable institution. *Held:* Evidence in support of the allegations in regard to arrangements for payment of tort liability would not be competent, and the allegations should have been stricken out on motion aptly made as being irrelevant, immaterial and prejudicial. C. S., 537.

APPEAL by the defendant from *Hill, Special Judge,* at September Term, 1938, of GUILFORD.

*Frazier & Frazier for plaintiff, appellee.*
*Smith, Wharton & Hudgins for defendant, appellant.*

SCHENCK, J.   The plaintiff, a minor suing by her next friend, alleges that while a patient in a children's hospital maintained and operated by the defendant she was injured by the negligence of the defendant and its agents.

Paragraph 13 of the complaint is as follows: "13. That the plaintiff is informed, believes and alleges that a recovery in this suit will not impair or diminish the trust properly in the hands of said corporation donated for charitable uses, and said plaintiff is informed, believes and alleges that the defendant has made special arrangements to pay any and all judgments that might be rendered against it on account of its negligence or the negligence of its servants and agents."

Before time for answering expired the defendant lodged motion that paragraph 13 "be stricken from said complaint for that and in that the same constitutes improper pleading, is immaterial, irrelevant and prejudicial." C. S., 537.

The motion was denied and defendant reserved exception and appealed to the Supreme Court, assigning as error the denial by the court of its motion to strike.

It has been repeatedly held by this Court that in an action for damages for a personal injury evidence that the defendant's liability for the act complained of has been insured by a third person, is ordinarily incompetent. *Lytton v. Mfg. Co.,* 157 N. C., 331; *Luttrell v. Hardin,* 193 N. C., 266 (269), and cases there cited; *Scott v. Bryan,* 210 N. C., 478, and cases there cited.

By the same token that evidence that the defendant is insured in a casualty company is incompetent, evidence that "the defendant has made special arrangements to pay any and all judgments that might be rendered against it on account of its negligence or the negligence of its servants and agents" is incompetent—both are "entirely foreign to the issues raised by the pleadings." *Lytton v. Mfg. Co., supra,* and other cases cited.

Inasmuch as evidence in support of the allegation in paragraph 13 of the complaint would be inadmissible, it follows, under the decisions of this Court, that such allegations in the complaint should be stricken as irrelevant, immaterial and prejudicial. "It is readily conceded that nothing ought to be in a complaint, or remain there over objection, which is not competent to be shown on the hearing. C. S., 506; 21 R. C. L.,

452." *Pemberton v. Greensboro,* 203 N. C., 514. "On a motion to strike out, the test of relevancy of a pleading is the right of the pleader to present the facts to which the allegation relates in the evidence upon the trial." *Trust Co. v. Dunlop, ante,* 196.

It should be noted that the complaint does not allege that the defendant is claiming any immunity from liability for its torts by reason of its being a charitable institution—nor even that the defendant is a charitable institution.

The order of the Superior Court denying the motion of the defendant is

Reversed.