16299

McWILLIAMS *ET AL.* v. SOUTHERN BLEACHERY
& PRINT WORKS
(57 S. E. (2d) 26)

*Messrs. Nettles & Horton,* of Greenville, *for Appellants,*

*Messrs. Williams & Henry,* of Greenville, *for Respondents,*

December 27, 1949.

BAKER, Chief Justice.

In this appeal from an order of the Circuit Court confirming an award of the Industrial Commission for the death of an employee, the only question which we find it necessary to decide is whether, under the provisions of Section 38 of the Workmen's Compensation Act, Code 1942, Sec. 7035-41, the employee died "while total disability" continued. For the purposes of this case it is assumed that death resulted proximately from injuries arising out of and in the course of the employment of the employee. The statutory provision in question is as follows: "If death results proximately from the accident and within two years thereafter, or while total disability still continues, and within six years after the accident, the employer shall pay for or cause to be paid, subject, however, to the provisions of the other sections of this article in one of the methods hereinafter provided, to the dependents of the employee, wholly dependent upon his earnings for support at the time of accident, * * * ," the schedule of computation provided in the Act.

The employee was employed in a bleaching plant. His work classified him as a "chemic mixer." In this capacity it was his duty to mix chemicals with water to form the solutions in which cloth is submerged in the process of bleaching, dyeing and finishing it. One of these chemicals was chlorine gas, which goes into the bleaching plant in a pipeline leading to the vat where the cloth to be treated is submerged in water.

During the morning of December 27, 1940, the employee opened a chlorine gas line to let the desired amount of gas into a water filled vat. The gas began to escape, owing to a leak in the pipe. The employee put on a gas mask which either was defective or did not fit, and which therefore did not protect him, but he nevertheless continued to attempt to repair the leak. This he did not succeed in doing, and in the course of his efforts he inhaled some of the chlorine gas. A coughing spell resulted.

The employee was treated in the clinic of the employer, and after the administration of first aid he was instructed to go home, which he did. He returned to his work a few days later, and with slight interruptions he continued to work in the bleachery at his regular job through July 2, 1941.

The testimony indicates that during the above mentioned period, following the accident, the employee suffered from a bronchial condition, and had other symptoms of physical impairment or ailment.

In the latter part of May, 1941, the employee, while at home, had a convulsion and lapsed into unconsciousness. The medical treatment given him consisted principally of the administration of phenobarbital. He continued to work at the bleachery as already stated, through July 2, 1941, and in August, 1941, after some hospitalization, he and his family moved to Tennessee.

During the balance of 1941 the employee does not appear to have done any work. In 1942 and 1943 he did some work as a carpenter in Tennessee, probably for a total of six months or more. Throughout this period, however, the employee continued to suffer from the bronchial condition and from other physical impairment. By October, 1943, the employee's condition had become progressively worse. He was admitted to a hospital for examination and treatment, and died within a day or two thereafter.

No claim against the employer or his insurer under the Workmen's Compensation law or otherwise, was made by

the employee following the accident. As far as the record discloses, the first knowledge of the employer and of his insurer that it was or would be claimed that the death of the employee was due to his inhalation of chlorine gas under the circumstances above described, was the claim made before the Industrial Commission on March 30, 1944, of course after the death of the employee.

The foregoing is a somewhat sketchy presentation of the factual situation, but it suffices to bring into focus, with due regard for the contentions of the claimants, the single question before the Court as hereinabove set forth.

There is considerable testimony in the record on the question of the cause of death of the employee, and as to whether there is a causal connection between the accident above described and the employee's death. The testimony thereabout raises an issue of fact, with at least some testimony in the claimants' favor that would render the factual conclusion of the Commission binding upon this Court if that were the only matter involved, but regardless of this, and as above indicated, we deem it necessary in this case to deal only with the question stated at the beginning of this opinion.

From the foregoing it is seen that the employee died more than two years after and within six years of the happening of the accident. If he had died without the two year period, a claim for his death would have been conditioned only upon proof that death resulted proximately from the accident; but as explicitly stated in the alternative provision of the Act, where the employee dies after two years and within six years of the happening of the accident, the right of recovery is conditioned upon the existence and continuation of "total disability."

The question is thus narrowed to the inquiry whether the testimony discloses that the employee died while "total disability" continued. It is assumed for the purpose of dealing with this inquiry that the death of the employee resulted "proximately from the accident."

As already indicated, both the Commission and the Circuit Court have concluded that total disability continued in the sense of the statute, from the date of the accident to the date of death of the employee. But this conclusion is not a factual conclusion within the rule that this Court may not review the testimony and reach its own conclusion on the facts.

In its essence, the question above stated is one of statutory construction; that is to say, the question is, what was intended by the General Assembly in conditioning the right of recovery in a case where death does ensue after more than two years and within six years after the accident, on the requirement that it must appear that death occurred "while total disability still continues"? We dispose of that question by applying the statute to undisputed facts in the record.

When we turn to the testimony, we find, as already related, that for a period of approximately six months after the accident the employee continued his work at the bleachery without significant interruptions. Following this period he engaged in other work in other places for various parties. So that, it is impossible to say that total disability followed upon the happening of the accident, or within any significantly short period thereafter. In short, the undisputed testimony shows that there was no continuous total disability, counting from the date of the accident, or any continuous total disability from any later specific date disclosed by the testimony from which a counting could commence under the statute.

In reaching the above conclusion we are not undertaking to make an independent judicial construction of the expression "total disability." The construction of these words is controlled by the Workmen's Compensation Law. In Section 7035-2(i) of the Code, the following definition of "disability" is given: "The term 'disability' means incapacity because of injury to earn the wages which the employee was

receiving at the time of injury in the same or any other employment."

This definition renders wholly inapplicable the long line of decisions of this Court defining the expressions "disability"; "total disability"; "total and permanent disability"; etc., which have come into question in the construction of the disability provisions of life insurance, accident and health policies. See, for example, the case of *Moyle v. Mutual Life Ins. Co. of N. Y.*, 201 S. C. 146, 21 S. E. (2d) 561.

We are here controlled by the statutory definition above quoted. And it will be perceived that nowhere in the testimony is it shown that following the accident, the employee was continuously incapacitated to earn the wages which he was receiving at the time of the injury "in the same or any other employment." It is to be assumed that if it could have been shown in this case that as the result of the injury the employee suffered a diminution in his earnings, testimony to that effect would have been produced.

Reading the statutory definition into the provisions of the controlling section of the Workmen's Compensation Law as above quoted, it is seen that the right of recovery by the dependents of the deceased employee is conditioned upon a continuous disability of such extent and character as to render the employee incapacitated because of the injury to earn the wages he was receiving at the time of the accident.

The question thus presented is one of first impression as far as this Court is concerned, and none of the cases which have been cited to us or which we have found upon independent investigation, cover the problem. The statutes of the various states differ so widely, and the facts of the cases are so variable, that the decisions of other states afford us little assistance.

For illustration, counsel on both sides cite the case of *Booth v. Industrial Commission,* 61 Ohio App. 173, 22 N. E. (2d) 502. The applicable Ohio statute provides for the payment of compensation when death occurs within the

period of two years, "and in cases in which compensation or disability on account of the injury has been continuous to the time of the death of the injured person * * *." Gen. Code, § 1465-82. Obviously, the holding of the Court in that case that the failure of the lower Court to charge the jury on the question whether compensation or disability on account of the injury had been continuous to the time of the death of the injured person, was an omission amounting to error.

In the case cited there apparently was disputed testimony to the effect that the employee returned to work several days following his injury and worked for a period of approximately three months, but in the light of the statutory definition with which we are here concerned, the holding of the Court by way of dictum in that case that these facts do not establish as a matter of law an interruption in the employee's disability, so as to constitute a denial of the right to compensation, can hardly be said to be of any value to us in the present case.

The North Carolina Workmen's Compensation Law contains a definition of "disability" substantially identical with that contained in our statute. G. S. § 97-2(i). In a discussion of this definition as applied to a case of alleged "partial disability," the Supreme Court of North Carolina recognizes the binding effect of the statutory limitations upon the right of recovery in a case of the present character, as discussed above. *Branham v. Denny Roll and Panel Co.*, 223 N. C. 233, 25 S. E. (2d) 865.

> We are not unmindful of the elementary rule that the Workmen's Compensation Law should be liberally construed, along well defined lines, in favor of the employee; on the other hand, we are without power to ignore the express limitations of the statute, however harsh the result might be when consideration is given to the personal consequences of the application of the Act.

To hold otherwise than we do here would be to interpolate into the statute language which is not there.

The judgment of the Circuit Court, and the award of the Industrial Commission, are reversed.

FISHBURNE, STUKES, TAYLOR and OXNER, JJ., concur.