MOLLIE HOOVER v. CECIL GREGORY, T/A CITY CAB CO.
AND
POLLY HAMM v. CECIL GREGORY, T/A CITY CAB CO.

(Filed 30 November, 1960.)

**Appeal and Error § 42—**

Reference in the charge to liability insurance will not be held for error on plaintiff's appeal, since any prejudice to defendant is cured by the verdict, and any prejudice to plaintiff from the instruction that insurance premiums are determined on the basis of losses suffered by the insurance companies which all must bear, *is held* not sufficiently prejudicial to plaintiff as to require a new trial, since the effect of one accident on any juror's future insurance premium would be too insignificant to overcome the court's positive instruction that the existence or non-existence of liability insurance should not be considered in reaching a verdict.

PARKER, J., dissenting.

MOORE, J., concurs in dissent.

APPEAL by plaintiffs from *Armstrong, J.,* March 1960 Term, RICHMOND Superior Court.

Civil actions to recover damages for injuries alleged to have resulted from the actionable negligence of the defendant in the operation of a 1955 Pontiac automobile in which the plaintiffs were riding as passengers at the time it left the road and turned over. The two actions were seperately brought but were consolidated and tried together.

The pleadings and evidence raised issues of negligence, contributory negligence, and damages. The jury found the defendant was negligent and plaintiffs were contributorily negligent. From the judgment dismissing the cases, plaintiffs appealed.

*Page & Page, by John T. Page, Jr., for plaintiffs, appellants.*
*Bynum & Bynum for defendant, appellee.*

HIGGINS, J.   The plaintiffs' only assignments of error challenge the following portion of the court's charge:

> "There is one other matter that I must call to your attention, and of which the court takes judicial notice. And of which, as I say, is a matter of common knowledge to all people, that in North Carolina in 1958 every person who owned and operated a motor vehicle in North Carolina was required to do one of two things, that is, provide some sort of liability insurance or post some sort of a bond. You are not concerned with that fact even though you may know about it. You would violate your oaths and would not be fit to serve on a jury if you would let that fact have any bearing upon your verdict in this case, that is, you should not speculate about whether the parties are insured or not insured. You know if a plaintiff in a suit, and this has nothing to do with this case, if a person is prudent enough to take out some insurance and gets hurt in some sort of accident whether it is an automobile or some other accident and his insurance company pays him, that does not prevent him from suing another for negligence and recovering. So, this matter of having liability insurance in North Carolina must be faced by all of our people, jurors, litigants, judges and lawyers and everybody else, and we must be mindful that this fact has no place in the jury box. Premiums are determined upon the losses and liabilities suffered by insurance companies which we all must bear, but nevertheless, that should not enter into a jury's verdict. It would be just as bad to let that enter into one's verdict as it would to say on the other hand that a person has insurance. You first got to determine in cases like this whether or not there is liability, and then if there is liability, what is the damage that naturally and proximately flow and have been suffered by the parties, and whether they have insurance or don't have insurance has nothing in the world to do with the case."

The plaintiffs seek to call to their aid the rulings of this Court that any evidence or reference to liability insurance in cases of this character is improper and should be kept from the jury. Our rule is stated and authorities cited by *Justice Denny* in *Taylor v. Green*, 242 N.C. 156, 87 S.E. 2d 11: "Ordinarily, in the absence of some

HOOVER *v.* GREGORY AND HAMM *v.* GREGORY.

special circumstance, it is not permissible under our decisions to introduce evidence of the existence of liability insurance or to make any reference thereto in the presence of the jury in the trial of such cases."

The purpose of the rule is to have the jury fix damages against the party who caused them on the basis of the evidence in the case. It has been considered improper for the jury to award damages for no better reason than that they will be paid by a rich insurance company domiciled in a distant city.

In this case the learned and painstaking judge, after delivering clear and correct instructions, added at the end the portion to which the assignments of error are addressed. His purpose in doing so is not apparent. Whether counsel had argued the provisions of the Financial Responsibility Act we do not know. What the judge did was to call attention to the terms of the Act and to give emphatic instructions that the jury should give no consideration thereto. If the jury accepted the court's admonition to disregard liability insurance, neither party was prejudiced. If it did not accept the admonition, the existence of insurance might have prejudiced the defendant. The verdict cured any such harmful effect. However, the plaintiffs contend the jury might have been influenced by the court's remark about insurance rates being determined by losses and liabilities. Both before and after the remark, the judge cautioned the jury not to let such matters enter into the verdict. The effect of one accident on any juror's future insurance premium would be too insignificant, it seems to us, to overcome the judge's positive instructions as to the rule of damages, and that insurance had nothing to do with the case.

This opinion goes no further than to hold that on the facts here disclosed the plaintiffs have failed to show prejudicial error.

No error.

PARKER, J., dissenting. The trial judge's totally irrelevant statement about automobile liability insurance in his charge to the jury is set forth in the majority opinion.

Centuries ago the son of David, king in Jerusalem, wrote *"there is no new thing under the sun."* Ecclesiastes, Chapter 1, Verse 9. So far as a diligent search by myself and my law clerk discloses the quoted part of the charge is a new *thing* under the sun. I am fortified in my opinion by the fact that the majority opinion and the briefs of counsel cite nothing like it from the thousands of volumes of reported cases from the Courts of the lands where the English tongue is spoken.

The trial judge charged the jury that they, the defendant, and all other persons in North Carolina, who own and operate automobiles, were required to have automobile liability insurance or post a bond, and then specifically charged, "premiums are determined upon the losses and liabilities suffered by insurance companies, which we all must bear."

The majority opinion states this was not prejudicial, because the judge charged before and after this specific statement about premiums not to let insurance enter into their verdict, and because "the effect of one accident on any juror's future insurance premium would be too insignificant, it seems to us, to overcome the judge's positive instructions as to the rule of damages, and that insurance had nothing to do with the case." To this reasoning, I do not agree.

What the trial judge charged the jury about the determination of the size of the insurance premiums was prejudicial to plaintiffs, in my opinion, and nothing he said before and after that specific statement about premiums could undo the damage done them. *S. v. Canipe*, 240 N.C. 60, 81 S.E. 2d 173.

What was the probable effect of the judge's charge in respect to the determination of the size of premiums for automobile liability insurance on the minds of the jury? The majority opinion states the effect of the one case here would be too insignificant to effect their verdict. My mind reaches a different conclusion. I think the probable effect was highly prejudicial to plaintiffs, because the jury would probably believe that to award plaintiffs substantial damages or any damages at all might tend to increase the size of the premiums they would be required to pay under our State statute for automobile liability insurance to operate their automobiles, and, therefore, might probably cause them to award plaintiffs nothing as damages, which they in fact did. The reluctance of people to pay insurance premiums increased in size is known to all.

*Justice Walker* said for the Court in *Withers v. Lane*, 144 N.C. 184, 56 S.E. 855: "The judge should be the embodiment of even and exact justice. He should at all times be on the alert, lest, in an unguarded moment, something be incautiously said or done to shake the wavering balance which, as a minister of justice, he is supposed, figuratively speaking, to hold in his hands. Every suitor is entitled by the law to have his cause considered with the 'cold neutrality of the impartial judge' and the equally unbiased mind of a properly instructed jury. This right can neither be denied nor abridged."

I am confident the learned and experienced trial judge thought what he said about insurance in his charge was not prejudicial or irrelevant.

I vote for a new trial.

