WHITMAN *v.* WHITMAN.

---

WILBURN LEO WHITMAN v. GEORGE THOMAS WHITMAN.

(Filed 21 November 1962.)

**1. Automobiles § 49—**

Where defendant driver contends that plaintiff passenger was contributorily negligent in consenting to ride in the car driven by defendant after defendant had drunk some beer, the decisive question is what was defendant's condition at the time of and within a reasonable time prior to the accident, and the court properly excludes interrogatories as to whether plaintiff knew of convictions of defendant some years prior to the occasion in suit for drunkenness, driving without a license, and operating an automobile while intoxicated, etc.

**2. Insurance § 64—**

Where defendant's counsel brings before the jury the requirement of the financial responsibility act, but no issue is raised in the action as to any collusion between the parties in regard to insurance, defendant may not complain of an instruction to the jury that whether defendant had or did not have liability insurance was entirely immaterial and that the jury should decide the issues upon the facts in evidence.

APPEAL by defendant from *Gambill, J.,* July 9, 1962 Term, FORSYTH Superior Court.

The plaintiff alleged, and offered evidence tending to show, that on July 6, 1960, he was a passenger in a Mercury automobile owned and operated by the defendant. At about 6:00 p.m. on that day the defendant ran off the Spainhour Mill Road on a sharp curve, wrecked the vehicle, and caused the plaintiff serious and permanent injuries. Specifically the plaintiff alleged these negligent acts: (1) Excessive speed; (2) failing to keep the vehicle under proper control; (3) operating in wanton and wilful disregard of the plaintiff's safety and in a manner calculated to cause injury.

The defendant, by answer, denied the allegations of negligence and, as a further defense, alleged: (1) The parties are brothers; (2) they had been drinking beer together throughout the afternoon and the plaintiff knew the defendant was sufficiently under the influence materially to affect his ability to drive with safety; and, having full knowledge of the manner in which the defendant had been driving during the afternoon, nevertheless negligently and carelessly continued to ride as a passenger in his vehicle; thus, by his own negligence causing or contributing to his injury, which should bar his recovery.

The plaintiff testified that about twelve o'clock he and the defendant each drank a six-ounce can of Country Club Beer. "It is the smallest can you can get." After drinking one can each, they purchased and took with them and thereafter drank one similar can each; that neither had anything to drink thereafter; that neither was under the influence of any intoxicant.

Mrs. Carroll testified that just before the accident the plaintiff and defendant were at her house. She observed their condition. The defendant "might have had a bottle of beer . . . he acted normal, just like anybody else."

Mr. Radford, then a member of the State Highway Patrol, testified he went to the scene of the wreck, observed the condition there, talked with the defendant who stated he was driving a little too fast to make the sharp curve, ran off the road, broke down a guy wire to a power pole, and turned the car over several times. The interview was an hour to an hour and a half after the accident. "I paid special attention to

George Whitman's condition; I could not determine that the defendant had drunk any alcohol of any kind, as far as I could tell, from odor, or actions, his voice . . . he seemed to be perfectly normal, as far as I could tell."

The defendant did not offer evidence. The court submitted issues of negligence, contributory negligence, and damages, all of which were answered for the plaintiff. From the judgment on the verdict, the defendant appealed.

*Deal, Hutchins and Minor, by Roy L. Deal, for defendant, appellant.*
*William H. Boyer, W. Scott Buck, for plaintiff, appellee.*

HIGGINS, J.    On cross-examination, defense counsel asked the plaintiff whether he did not know the defendant had been convicted of drunkenness, driving without a license, violating the prohibition laws, and in 1955 ". . . of operating an automobile intoxicated." The court sustained the plaintiff's objection to all of the foregoing questions as to the defendant's court record beginning in 1941. When the defense counsel asked permission to have the answers of the witness inserted in the record, the court made this ruling: "Well, I will make this statement in the presence of the jury, that it is not what he knows or doesn't know that his brother has been convicted of heretofore, if anything. The jury is concerned with what he knew the condition of his brother was at the time he was operating the car, if he was operating it under the influence; that is what the jury is concerned with; not how many times he had been drunk before, or if he had been drunk heretofore, but whether or not on this occasion he was under the influence and whether or not this plaintiff knew that or had reason to believe he was."

If we disregard the question whether counsel may, by cross examination, challenge the character of his client by showing violations of law at times long before the accident and in which the plaintiff had no part, nevertheless the court's ruling was entirely proper and justified upon the ground the prior violations were immaterial. The material question, as the court pointed out, was the condition of the defendant at the time of, and within a reasonable time prior to, the accident. *State v. Kelly*, 227 N.C. 62, 40 S.E. 2d 454; *Moore v. Ins. Co.*, 192 N.C. 580, 135 S.E. 456. The cases cited by the defendant are not in point. They involve situations in which a bailor may be charged with negligence if he trusts his automobile to a driver whom he knows to be incompetent and dangerous because of his propensity to drink and to operate the vehicle while intoxicated. In this case the defendant was driving his own vehicle.

The defendant assigns as error the court's reference to insurance in the charge. The assignment covers the following instruction: "You will disabuse your mind from any consideration of the case based upon whether . . . the defendant has insurance or does not have insurance. This is no concern of any juror in any case. You will not let that prejudice your mind against the defendant . . . or . . . for the defendant. . . . You will try it strictly upon the facts as you find them to be from the evidence. . . . He (the defendant) has argued to you through counsel that everyone knows about the compulsory insurance law requiring insurance before one gets on the road, . . . But the court charges you you will not let the fact that insurance was mentioned in the case affect your verdict in any way."

The defendant, in the argument, had taken notice of and brought before the jury the requirement of the financial responsibility act. The court's instruction was proper in view of the issues and evidence in the case. *Hoover v. Gregory,* 253 N.C. 452, 117 S.E. 2d 395; *Taylor v. Green,* 242 N.C. 156, 87 S.E. 2d 11.

The defendant's counsel suggests the possibility of collusion between these parties to victimize some insurance company not a party to the action. Such an issue does not arise on this record.

The evidence of defendant's negligence was sufficient to go to the jury. Contributory negligence does not appear as a matter of law. The jury resolved these issues. The court's charge, considered contextually, and its rulings on evidence are free from valid objection.

No error.