WALLACE M. FINCHER v. ROBERT R. RHYNE, SR.

(Filed 15 December, 1965.)

**1. Negligence § 22—**

In an action for damages for negligent injury the existence of insurance covering defendant's liability is irrelevant to the question of negligence and to the question of the *quantum* of damages, and any reference in the evidence to liability insurance is ordinarily prejudicial and entitles movant to a new trial. The reasons for exclusion of such evidence are as valid under compulsory coverage as under voluntary insurance.

**2. Trial § 16;   Appeal and Error § 41—**

Ordinarily, the admission of testimony to the effect that defendant in a negligence action is protected by liability insurance is prejudicial error and cannot be corrected by the withdrawal of such testimony, and in this case the admission of such testimony together with emphasis of the topic by extensive discussion by the court in withdrawing the evidence, including reiteration of the fact of common knowledge that a motorist is required in this State to prove financial responsibility, *held* prejudicial.

HIGGINS, J., dissenting.

SHARP, J., joins in dissent.

APPEAL by defendant from *Huskins, J.,* February 22, 1965, Regular "B" Session of MECKLENBURG.

Action to recover for personal injuries and property damage resulting from an automobile accident.

About 5:00 P.M. on 2 August 1963 plaintiff was driving his automobile northwardly on North Tryon Street in the City of Charlotte following a line of traffic. The vehicles ahead came to a halt and plaintiff stopped. While he was waiting for the traffic to move on, defendant, operating his car in the same direction, ran into the rear of plaintiff's automobile.

At the trial the parties stipulated "That said collision was due to the negligence of defendant" and only one issue (relating to damages) be submitted to the jury. The form of the issue was agreed upon and stipulated. The issue was submitted to and answered by the jury as follows:

"1. What amount of damages, if any, is plaintiff entitled to recover:

    (a)   For property damages?
           Answer:   300.00
    (b)   For personal injuries?
           Answer:   12,500.00."

Judgment was entered in accordance with the verdict.

*Grier, Parker, Poe & Thompson and James Y. Preston for plaintiff.*

*Craighill, Rendleman & Clarkson and Hugh B. Campbell, Jr., for defendant.*

MOORE, J. Defendant contends that the court erred in refusing to order a mistrial, upon motion made in apt time, when plaintiff testified with respect to defendant's liability insurance, and in commenting on the testimony and charging the jury with respect thereto.

Plaintiff was testifying, on cross-examination, with respect to the damage to his automobile. The following transpired:

"Q. Now, I believe you said something about the engine mounts on your car having been broken. I believe that was sometime after the accident, after you got out of the hospital that you observed that, I mean that you were told or observed that the engine mounts of your car seemed to have come loose?

"A. As I remember, I took my car to Courtesy Ford.

"Q. This was after you got out of the hospital?

FINCHER *v.* RHYNE.

"A. No. I think the insurance company, the defendant's insurance company . . .

"Q. (Defendant's counsel). Now, beg your pardon, if the Court please . . .

"A. I can't be sure of this. I was in the hospital, but they estimated and found out the damage themselves, and, in other words, I was told I think by the defense's insurance company that my motor mounts were broken.

(Whereupon Mr. Craighill had a bench conference with the Court.)

"COURT: Well, let the record show defendant moves for a mistrial, and the motion is denied. The defendant excepts.

"COURT: Ladies and gentlemen, this witness has mentioned something about the defendant's insurance company. It has been a rule of law in this State for a long time that, in trying cases such as this, that we don't mention anybody's insurance company, the holding of the Court being based on the idea that mention of insurance prejudices the minds of the jurors; that they get the idea that, 'well, anything we award in this case is going to be paid by some insurance company and so we don't have to be too careful about how much we give a man.' So, now, on that line of thinking, the Courts have held that, if insurance is mentioned, then the Judge should just make a mistrial, continue the case and start all over again at some future session of the Court before another jury; but, now, under the law of this State, everybody is required to carry insurance, who operates an automobile upon the public highways of this State, and every member of this jury knows that; and so am of the opinion that the jury knows that, whether it's mentioned or not, and I am instructing you, now, that the fact that everybody is required to carry insurance has nothing to do with your verdict in this case. Whether you have got insurance or not doesn't have anything to do with whether you are negligent or not in case you are involved in a collision, does it? It wouldn't have a thing in the world to do with the question of negligence. By the same token, it wouldn't have anything to do with how serious a person's injuries might be arising out of a collision. So insurance has got nothing to do with the question that is going to be submitted to you. The parties have agreed on everything in this case except the amount of damages, if any, that Mr. Fincher is entitled to recover. Now, each of you said, when you were accepted as a juror by both sides, that you would well and truly try the issues; that you were impartial; that you would be governed by the evidence and by

the law. Now, if there's any member of the jury there who now thinks that you wouldn't do that simply because this witness has inadvertently mentioned that some insurance company discussed or made some investigation of the extent of the damages to his automobile, if any member of the jury thinks that you cannot be just as fair and just as impartial, if you will let me know that, I will just end this lawsuit and we will go on and try something else, start it over at some later date, before another jury; but if all of you think that you can, that is not going to make a bit of difference with you, then we are going to continue and try this case. Just for the record here, I want some affirmative indication. All of you who feel that you can be just as impartial and that you will try this case just as fairly and impartially, notwithstanding the fact that the witnesses mentioned that an insurance company made some investigation about damages, the extent of the damages to his car, as you would have if that had never been mentioned, all of you who feel that you can and who say that you will do that, hold up your right hand. Let the record show that all twelve jurors so indicate; and, upon that showing with the explanation that the Court has made to the Jury, the defendant's motion for a mistrial is denied.

"COURT (to the attorneys IN THE PRESENCE OF THE JURY): Gentlemen, everybody knows that the law requires all of you to carry liability insurance, if we operate an automobile upon the public highways. Every member of that jury who drives a car has that insurance, because the law requires them to have it, and so there is no need of us pretending about that. And this jury says that that is not going to have anything to do with its verdict, and I don't think it will, myself. If I did, I wouldn't continue the trial, so let's proceed."

Thereafter, in the charge, the court instructed the jury:

"Now, ladies and gentlemen, in the course of the trial some mention was made about insurance. I instructed you fully at that time on that subject, but I will do so again at this time as part of the charge. The Court told you then, and tells you now, that, whether the defendant has insurance or whether he has none, has nothing to do with what your verdict should be in this case. You should not award the plaintiff any more damages, nor should you award him less damages by reason of this subject of insurance. That has nothing to do with your answer. You should be governed by the rules of law I have given you. Each of you by uplifted hand has assured me that

you would do that, and the Court has relied upon your statement to that effect. So just put out of your mind this question of insurance. Everybody is required to carry insurance in North Carolina, and that has nothing to do with whether or not I am negligent or not negligent in connection with some collision in which I may be involved. That has nothing to do with the extent of injury or the absence of injury by reason of any collision in which I may be involved. So put that out of your mind, as you have assured me you would, and arrive at a verdict here based upon the evidence and upon the law as I have given it to you."

"Ordinarily, in the absence of some special circumstance, it is not permissible under our decisions to introduce evidence of the existence of liability insurance or to make any reference thereto in the presence of the jury in the trial of . . . cases" where the relief sought is damages for injuries caused by negligence. *Taylor v. Green,* 242 N.C. 156, 87 S.E. 2d 11; *Jordan v. Maynard,* 231 N.C. 101, 57 S.E. 2d 26; *Duke v. Children's Com.,* 214 N.C. 570, 199 S.E. 918; *Luttrell v. Hardin,* 193 N.C. 266, 136 S.E. 726; *Stanley v. Lumber Co.,* 184 N.C. 302, 114 S.E. 385; *Lytton v. Manufacturing Co.,* 157 N.C. 331, 72 S.E. 1055. This rule is almost universal. 21 Appleman: Insurance Law and Practice, § 12832; Anno. — Informing Jury of Liability Insurance, 56 A.L.R. 1418; Anno. — Showing as to Liability Insurance, 4 A.L.R. 2d 761. Since the enactment of compulsory insurance statutes, it has been held in a few jurisdictions, including California, Georgia and South Carolina, that reference to liability insurance is not error. A.L.R. 2d Supplement Service (1960) p. 297. However, our decisions, since the enactment of the Vehicle Financial Responsibility Act of 1957 (G.S. 20-309 to 319), have adhered to the general rule above stated. *Whitman v. Whitman,* 258 N.C. 201, 128 S.E. 2d 249 (1962); *Greene v. Laboratories, Inc.* 254 N.C. 680, 120 S.E. 2d 82 (1961); *Hoover v. Gregory,* 253 N.C. 452, 117 S.E. 2d 395 (1960). From the opinion in *Hoover,* Stansbury finds "indications that a departure from the rule will not always be censured as severely in the future as it has in the past." Stansbury: North Carolina Evidence, 2d Ed. § 88.

The existence of insurance covering defendant's liability in a negligence case is irrelevant to the issues involved. It has no tendency to prove negligence or the *quantum* of damages. It suggests to the jury that the outcome of the case is immaterial to defendant and the insurer is the real defendant and will have to pay the judgment. It withdraws the real defendant from the case and leads the jury "to regard carelessly the legal rights" of the real defendant.

FINCHER v. RHYNE.

"No circumstance, a court has said, is more surely calculated to cause a jury to render a verdict against a defendant, without regard to the sufficiency (weight) of the evidence, than proof that the person against whom such verdict is sought is amply protected by indemnity insurance." 56 A.L.R. 1422. These reasons for exclusion are as valid under compulsory coverage as under voluntary insurance. But it is argued that it is unrealistic to attempt to conceal from juries a fact of common knowledge — the compulsory requirement that all vehicles be insured. Liability insurance coverage is required by law in this State, and such requirement is, of course, a matter of common knowledge, but there are many valid reasons for excluding evidence of, or reference to, such coverage in addition to those mentioned above. There are instances in which insurance exists but under the particular circumstances there is no coverage. The limits of coverage vary — the law requires $5000 coverage for injury to one person; all coverage in excess of this amount is voluntary. The jury might infer from the mention of insurance that there is coverage to the extent of the damages prayed for, or they might guess from some reference made that the coverage is only $5000 and be thereby influenced to award inadequate damages. Furthermore, the Vehicle Financial Responsibility Act of 1957 permits the possibility of time gaps in insurance coverage, that is, short periods in which vehicles are uninsured. *Faizan v. Insurance Co.*, 254 N.C. 47, 55, 118 S.E. 2d 303. If it is realistic to allow testimony and references to liability insurance, it would be more realistic to permit the introduction of the terms of the policy and all questions of coverage in the particular case. Such injection of irrelevant issues would be insupportable. The courts cannot, of course, control the deliberations of the jury when they have retired to make up their verdicts, and cannot "black out" segments of their thinking related to matters of common knowledge. But the courts can now, just as effectively as before the enactment of compulsory liability insurance laws, control the trial and exclude irrelevant facts and confine the evidence and the matters arising during the course of the trial to the issues involved.

Where testimony is given, or reference is made, indicating directly and as an independent fact that defendant has liability insurance, it is prejudicial, and the court should, upon motion therefor aptly made, withdraw a juror and order a mistrial. *Luttrell v. Hardin, supra; Allen v. Garibaldi,* 187 N.C. 798, 123 S.E. 66; *Stanley v. Lumber Co., supra; Lytton v. Manufacturing Co., supra.* But there are circumstances in which it is sufficient for the court, in its discretion, because of the incidental nature of the reference, to merely instruct the jury to disregard it. *Keller v. Furniture Co.,* 199

N.C. 413, 154 S.E. 674; *Lane v. Paschall,* 199 N.C. 364, 154 S.E. 626; *Fulcher v. Lumber Co.,* 191 N.C. 408, 132 S.E. 9; *Gilland v. Stone Co.,* 189 N.C. 783, 128 S.E. 158; *Bryant v. Furniture Co.,* 186 N.C. 441, 119 S.E. 823; *Norris v. Mills,* 154 N.C. 474, 70 S.E. 912.

Plaintiff was being cross-examined in regard to incidental items of damage to his automobile. He made reference to "defendant's insurance company". Defendant's counsel, in an unobtrusive manner so as not to emphasize the matter, attempted to interrupt. Plaintiff continued to testify until he had made his full statement, as follows: ". . . they estimated and found out the damage themselves, and, in other words, I was told I think by the defense's insurance company my motor mounts were broken." Thus plaintiff got before the jury that defendant had liability insurance, connected the defendant's and insurance company's interests, and disclosed the company's activity in behalf of the defense. When plaintiff finished his statement, counsel for defendant immediately moved for a mistrial. The court overruled the motion and by extended comment undertook to withdraw the statement from jury consideration. The jury was instructed that the reference to insurance was irrelevant and immaterial. The court obtained a pledge from the jury, by show of hands, that they would not consider it. The court twice announced that defendant had moved for a mistrial but the motion had been denied. He declared: ". . . everybody knows the law requires all of you to carry liability insurance . . . there is no need of us pretending about that." There was further comment in the course of the charge.

This case brings us to grips with the question whether our present rule has been rendered obsolete by the Financial Responsibility Act or, to state it another way, whether the goal of fair trial will be as well or better served by a relaxation of the rule. The destruction of landmarks for the mere sake of change is hardly progress toward a better administration of justice. All must agree that *evidence* of the existence of liability insurance at a trial is irrelevant and immaterial to the issues. When insurance is made a positive element of the trial the danger of injustice either to the plaintiff or defendant is real. Despite the Financial Responsibility Act, many vehicles and motorists are uninsured and if there is insurance the amount varies and the contract does not furnish coverage in many situations. To say or assume that all motorists have automobile liability insurance is a generalization subject to many qualifications. It is suggested that the effect of evidence or mention of insurance should be left to the sound discretion of the trial judge, that is, that the judge, in the exercise of discretion, might

FINCHER *v.* RHYNE.

order a mistrial or withdraw the matter of insurance from consideration of the jury by proper instructions and permit the trial to continue — reserving the right to set the verdict aside if it appears that an unfair result has been reached. Notwithstanding the neatness of the suggestion, it would create more problems than it would solve. What instructions would the court give the jury in withdrawing the matter from their consideration? Would an extensive discussion, as in the case at bar, not tend to impress the matter on the minds of the jury? Should there be a discussion of limits of liability? When true, should the judge state that, though insurance had been mentioned, there was in fact no coverage or disputed coverage? Despite its purpose, would not an instruction pledging the jury not to consider insurance introduce a new element in the trial? Would a mere instruction that the matter is immaterial to the issues suffice to offset the potential effect of the evidence? We are of the opinion that it is best to adhere to the present rule that evidence or mention of insurance is not to be permitted. It is simple to understand and administer. Relaxation of this rule will result in relaxation of the care and caution of attorneys and litigants in excluding this matter from the trials. Juries may indeed consider matters of common knowledge in arriving at verdicts, they have always done so, and it is a matter that the presiding judge cannot control. But the possibility that verdicts may be influenced by extraneous matters beyond the control of the judge is the very reason that the judge may in his discretion set verdicts aside to prevent injustices. When such action is necessary, the judge can take it with much better grace when he has not pledged the jury beforehand.

In the instant case the rule required a mistrial.

New trial.

HIGGINS, J., dissenting: In this case the defendant admitted his negligence, leaving only the amount of damages at issue. All pertinent facts are fully set forth in the Court's opinion. If it be conceded the mention of insurance was improper in the first instance, nevertheless, the trial judge took all necessary precautions to instruct and warn the jury against adding anything to the damages on that account. The plaintiff, a witness in his own behalf, said the defendant's insurance company had told him the engine mounts on his automobile were broken. At this juncture the defendant made a motion for a new trial.

Before ruling on the motion for a new trial, Judge Huskins charged the jury at great length that insurance had no bearing on the amount of damages, if any, which resulted from the accident.

Upon inquiry, each of the jurors stated affirmatively that insurance would not influence his answer to the issue of damages. Upon receiving this assurance the court denied the motion for a mistrial.

After the return of the verdict, the judge signed a judgment in accordance therewith. We may rest assured Judge Huskins would not have signed the judgment if he felt the jury had disregarded his instructions and violated its pledge. In order to justify a new trial it is necessary to assume the jurors failed to follow the instructions, failed to keep their individual pledges, and gained their first information the defendant had insurance from the plaintiff's inadvertent reference. May we not assume the jurors already had knowledge that the State law required a showing of financial responsibility? I think the verdict and judgment should stand.

SHARP, J., joins in this dissent.