GLENN M. PICKARD AND WIFE, MARY ELLEN PICKARD, AND EDGAR M. MURRAY, v. BURLINGTON BELT CORPORATION, A CORPORATION; CLARK BUILDING COMPANY, A CORPORATION; AND T. & J. CONSTRUCTION COMPANY, INC., A CORPORATION

AND

BURLINGTON BELT CORPORATION, NORFOLK & DEDHAM MUTUAL FIRE INSURANCE COMPANY, HARLEYSVILLE MUTUAL INSURANCE COMPANY, NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, AND PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY v. CLARK BUILDING COMPANY, AND T. & J. CONSTRUCTION COMPANY, INC.

No. 68SC209

(Filed 14 August 1968)

1. Fires § 1— statutory duty of landowner starting fire on own land

The primary purpose of G.S. 14-136 and G.S. 14-140 is to protect property; each statute defines the standard of care imposed upon a person who undertakes to burn brush, grass, etc., and a violation of the provisions of either statute constitutes negligence.

2. Fires § 1; Trial § 33— actions — instructions — failure to apply law to evidence

In an action by adjacent landowners to recover for property damage allegedly caused by the act of defendants in intentionally setting fire to grass and brush on the property of the co-defendant without compliance with the provisions of G.S. 14-136 and G.S. 14-140, an instruction to the jury whereby the trial judge reads the foregoing statutes but fails to charge that a violation of either of the statutes would constitute negligence is held erroneous, since the jury is left with no guidance as to the application of the statutes to the evidence. G.S. 1-180.

3. Corporations § 27— tort liability of corporation — nonsuit of individual defendants

In an action to recover for property damage allegedly caused by intentionally setting fire to grass and brush on the property of a corporate co-

defendant without compliance with G.S. 14-136 and G.S. 14-140, there is no error in granting motions of nonsuit as to individual defendants when the record discloses that these individuals were not doing business as individual proprietorships or partnerships, but as the named corporate defendants.

**4. Fires § 1;  Master and Servant § 21—  imposition of liability upon employer of independent contractor — jury question**

In an action by adjacent landowners to recover for property damage allegedly caused by the act of a construction company, a co-defendant, in intentionally setting fire to grass and brush on the property of another co-defendant without compliance with the provisions of G.S. 14-136 and G.S. 14-140, it is proper for the trial judge to submit for jury determination the question of whether, under the circumstances of the case, the use of fire by the construction company to clear the land was an inherently hazardous operation and whether the other co-defendants knew or should have known that the construction company intended to use fire for this purpose, since the employment of the construction company by a building company, the third co-defendant, to clear and grade the land preparatory to the construction of an industrial building thereon was not work from which in the natural course of things injurious consequences must be expected to arise so as to impose as a matter of law upon the defendants landowner and building company a non-delegable duty to comply with G.S. 14-136 and G.S. 14-140 and to exercise due care in controlling the fire.

**5. Master and Servant § 21—  imposition of liability upon employer of independent contractor — rule of non-delegable duty**

The principle of law that the liability of the employer of an independent contractor rests upon the ground that mischievous consequences will arise from the work to be done unless precautionary measures are adopted and that the employer cannot escape liability by delegating to the independent contractor the duty to see that precautionary measures are adopted is held applicable to a situation where, in the natural course of things, injurious consequences must be expected to arise from the work to be executed.

**6. Appeal and Error § 53—  error cured by verdict**

The plaintiffs in Case No. 2 of a consolidated action, who were defendants in Case No. 1, could not be prejudiced by the rulings of the trial court in Case No. 1 relating to the admission of certain evidence and exhibits where they were successful in their defense of the action in Case No. 1.

**7. Trial § 8—  consolidation within discretion of presiding judge**

Whether cases should be consolidated for trial is to be determined in the exercise of his sound discretion by the judge who will preside during the trial; a consolidation cannot be imposed upon the judge presiding at the trial by the preliminary order of another trial judge.

APPEAL by plaintiffs in each case from *Bailey, J.,* 8 January 1968 Session, ALAMANCE Superior Court.

The plaintiffs in Case No. 1, Pickard and wife, and Murray, own an industrial building in Alamance County near the town of

Elon College. This building was leased to Burlington Belt Corporation for its manufacturing operations. Burlington Belt Corporation purchased adjoining property, and contracted with Clark Building Company to construct a building thereon for attachment to the Pickard-Murray building. Clark Building Company contracted with T. & J. Construction Company to clear and grade the property in preparation for the new construction.

On 18 March 1966, T. & J. Construction Company intentionally set fire to the grass and brush on the property to be cleared and graded. The grass and brush extended up to the Pickard-Murray building. Burlington Belt Corporation maintained a waste bin outside the Pickard-Murray building where industrial and packaging waste was stored. The fire started by T. & J. Construction Company spread up to the Pickard-Murray building, allegedly igniting the waste bin and subsequently spreading throughout the interior of the building, destroying the building and contents.

The Pickards and Murray brought their action to recover for damage to the building. The several insurance companies named as plaintiffs in Case No. 2, along with Burlington Belt Corporation, bring their action to recover for damages to the contents of the Pickard-Murray building. Burlington Belt Corporation is a defendant in Case No. 1, and is a plaintiff in Case No. 2. The two cases were consolidated for trial, and from adverse verdicts in each case the plaintiffs in each case appealed to the Court of Appeals.

*Smith, Moore, Smith, Schell and Hunter, by Norman B. Smith and McNeill Smith, for Glenn M. Pickard, Mary Ellen Pickard, and Edgar M. Murray, plaintiffs-appellants (Case No. 1).*

*Jordan, Wright, Henson and Nichols, by Luke Wright, for Burlington Belt Corporation, et al, plaintiffs-appellants (Case No. 2).*

*Sanders and Holt, by W. Clary Holt, and R. Chase Raiford, for Burlington Belt Corporation, defendant-appellee (Case No. 1).*

*Hoyle, Boone, Dees and Johnson, by E. E. Boone; Kennedy, Covington, Lobdell and Hickman, by Hugh L. Lobdell; and J. Donnell Lassiter for Clark Building Company, defendant-appellee (Cases Nos. 1 and 2).*

*Haworth, Riggs, Kuhn and Haworth, by John Haworth and Walter W. Baker, Jr., for T. & J. Construction Company, defendant-appellee (Cases Nos. 1 and 2).*

BROCK, J.

*Case No. 1*

Without detailing all of the specifications of negligence, the Pickards and Murray seek to hold T. & J. Construction Company

liable for damages upon the grounds that it violated G.S. 14-136, that it violated G.S. 14-140, that it was negligent in burning the field on a windy day, and that it failed to exercise due care in controlling the fire. They seek to hold Clark Building Company liable for damages upon the grounds that it had notice that T. & J. Construction Company intended to burn the field and that it had the non-delegable duty to comply with G.S. 14-136 and G.S. 14-140, and to exercise due care in controlling the fire. They seek to hold Burlington Belt Corporation liable for damages upon the grounds that it had notice that T. & J. Construction Company intended to burn the field and that it had the non-delegable duty to comply with G.S. 14-136 and G.S. 14-140, and to exercise due care in controlling the fire. They also seek to hold Burlington Belt Corporation liable upon the grounds of negligence in allowing quantities of flammable waste material to accumulate outside and inside the building which caused the fire to spread rapidly through the building.

G.S. 14-136 reads, in pertinent part, as follows:

> "If any person shall intentionally set fire to any grassland, brushland or woodland, except it be his own property, or in that case without first giving notice to all persons owning or in charge of lands adjoining the land intended to be fired, and without also taking care to watch such fire while burning and to extinguish it before it shall reach any lands near to or adjoining the lands so fired, he shall for every offense be guilty of a misdemeanor . . ."

G.S. 14-140 reads, in pertinent part, as follows:

> "All persons, firms or corporations who shall . . . set fire to or burn any brush, grass or other material, whereby any property may be endangered or destroyed, shall keep and maintain a careful and competent watchman in charge of such . . . brush or other material while burning. Any person, firm or corporation violating the provisions of this section shall be punishable. . . . Fire escaping from such . . . brush or other material while burning shall be prima facie evidence of neglect of these provisions."

**[1]**    It is clear that the primary purpose of the above quoted statutes is to protect property. Each of them defines the standard of care imposed upon a person who undertakes to burn brush, grass, etc., and a violation of the provisions of either of the statutes constitutes negligence. *Benton v. Montague,* 253 N.C. 695, 117 S.E. 2d 771.

[2]    In his charge to the jury the trial judge read the foregoing statutes, but he failed to instruct the jury that a violation of either, or both, of the statutes would constitute negligence; and the plaintiffs assign this as error. In general terms the trial judge explained the difference between the violation of a statute which constitutes negligence *per se,* and a violation which does not constitute negligence *per se.* Such an explanation was unnecessary in this case, and without a clear instruction that a violation of either of the statutes in issue would constitute negligence, the jury was left with no guidance as to the application of the statutes to the evidence. G.S. 1-180. This assignment of error is sustained.

[3]    The plaintiffs, the Pickards and Murray, assign as error the granting of motions of nonsuit as to the individual defendants, S. S. Clark, Jr., Wayne Elkins and Curtis Jenkins. The record discloses that these individuals were not doing business as individual proprietorships or partnerships, but as the named corporate defendants. These assignments of error are overruled.

The plaintiffs, the Pickards and Murray, assign as error the striking from their complaint allegations pertaining to G.S. 14-137 and 14-139, and the failure of the Court to instruct the jury thereon. Upon this Record on Appeal these statutes have no application, and these assignments of error are overruled.

[4, 5]    The plaintiffs, the Pickards and Murray, assign as error the failure of the Court to instruct the jury that Burlington Belt Corporation and Clark Building Company had a non-delegable duty to comply with G.S. 14-136 and G.S. 14-140, and to exercise due care in the burning by T. & J. Construction Company. Plaintiffs cite the following principle of law: "The liability of the employer rests upon the ground that mischievous consequences will arise from the work to be done unless precautionary measures are adopted, and the duty to see that these precautionary measures are adopted rests upon the employer, and he cannot escape liability by entrusting this duty to another as an 'independent contractor' to perform." *Evans v. Rockingham Homes, Inc.,* 220 N.C. 253, 17 S.E. 2d 125. The foregoing principle is applicable to a situation where the "work to be executed, from which, in the natural course of things, injurious consequences must be expected to arise unless means are adopted by which such consequences may be prevented." 27 Am. Jur., Independent Contractors, § 38, p. 515. The employment of T. & J. Construction Company to clear and grade the land preparatory to construction was not work from which in the natural course of things injurious consequences must be expected to arise. We hold that it was proper for the trial judge to submit for jury determination the question of

whether under the circumstances of this case the use of fire to clear the land was an inherently hazardous operation, and whether either Burlington Belt Corporation or Clark Building Company, or both, knew or should have known that T. & J. Construction Company intended to use fire for this purpose on the day and under the circumstances prevailing. This assignment of error is overruled.

### Case No. 2

Without detailing all of the specifications of negligence, the plaintiffs, Burlington Belt Corporation, *et al*, seek to hold T. & J. Construction Company liable for damages upon the grounds that it violated G.S. 14-136, that it was negligent in burning the field on a windy day, and that it failed to exercise due care in controlling the fire. They seek to hold Clark Building Company liable for damages upon the grounds that it had notice that T. & J. Construction Company intended to burn the field and that it had the non-delegable duty to comply with G.S. 14-136, and to exercise due care in controlling the fire.

Each of the defendants in Case No. 2 allege contributory negligence on the part of Burlington Belt Corporation in allowing an accumulation of flammable waste outside and inside the building.

What has been said in Case No. 1 with respect to the charge of the Court upon the violation of G.S. 14-136 is equally applicable here. The trial judge failed to instruct the jury that a violation of the statute would constitute negligence, and this failure constituted prejudicial error, and entitles plaintiffs in Case No. 2 to a new trial.

The plaintiffs Burlington Belt Corporation, *et al*, assign as error the failure of the Court to instruct the jury upon G.S. 14-137 and G.S. 14-139. As stated in Case No. 1, upon this Record on Appeal these statutes have no application.

[6] The plaintiffs, Burlington Belt Corporation, *et al*, make numerous assignments of error to the ruling of the Court in allowing counsel for plaintiffs in Case No. 1 to propound questions to witnesses and in allowing counsel for plaintiffs in Case No. 1 to introduce certain exhibits. These assignments of error are without merit because Burlington Belt Corporation, *et al*, was successful in its defense of the action in Case No. 1, and the testimony and exhibits could not have been prejudicial.

### Case No. 1 and Case No. 2

Since these cases must be retried we refrain from a discussion of the other assignments of error relating to the evidence allowed and rejected; the questions will probably not arise again.

**[7]** In fairness to the trial judge we note that the Order consolidating these two cases for trial was entered by another Superior Court Judge, and the trial judge may have considered that he was bound to proceed with the consolidated trial. Whether cases should be consolidated for trial is to be determined in the exercise of his sound discretion by the judge who will preside during the trial; a consolidation cannot be imposed upon the judge presiding at the trial by the preliminary Order of another trial judge.

In view of the conflict of interests between the plaintiffs in these two cases, and in view of the confusion as disclosed by the briefs, it appears that the ends of justice will best be served if each case is tried separately. We note that Burlington Belt Corporation, *et al*, plaintiffs in Case No. 2, joined with one of the defendants in the motion for consolidation; and it appears that Burlington Belt Corporation, *et al*, were more confused by the consolidation than any other party.

Upon each appeal we hold that the errors in the charge entitle the plaintiffs in each case to a

New trial.

MALLARD, C.J., and PARKER, J., concur.