LARRY EDWARD MANESS, BY HIS NEXT FRIEND BERTHA L. MANESS v. RONALD CLYDE BULLINS AND CLYDE COLUMBUS BULLINS
— AND —
DANIEL ALEXANDER MANESS, JR. v. RONALD CLYDE BULLINS AND CLYDE COLUMBUS BULLINS

No. 7119SC199

(Filed 23 June 1971)

**Rules of Civil Procedure §§ 26, 43— civil trial — reading of deposition — prejudicial error**

The reading of a deposition in a civil trial was prejudicial error where there was no finding that the deponent was dead or that he lived more than 75 miles from the place of trial or that any other condition specified in Rule 26(d)(3) was applicable so as to make the deposition competent. G.S. 1A-1, Rules 26(d)(3) and 43(a).

Chief Judge MALLARD concurring.

APPEAL by plaintiffs from *Gambill, Judge,* 1 October 1970 Session of Superior Court held in RANDOLPH County.

These are actions to recover damages resulting from injuries sustained by a passenger in an automobile when the vehicle left the highway and struck a utility pole. From a verdict finding negligence on the part of defendant driver and contributory negligence by the plaintiff passenger, plaintiffs appealed.

*Ottway Burton for plaintiff appellants.*

*Coltrane and Gavin by W. E. Gavin for defendant appellees.*

VAUGHN, Judge.

Evidence of defendant driver's negligence was plenary. The defendants contended, however, that Larry Maness, the plaintiff passenger, was contributorily negligent in that he voluntarily rode with Bullins with knowledge that Bullins was under the influence of an intoxicant. Bullins testified that he and Maness drank a pint of whiskey together during a two-hour period immediately preceding the accident and that he, Bullins, was under the influence of liquor. Larry Maness testified that another passenger in the vehicle, one Clarence E. Henry, drank part of the pint of whiskey and that Bullins was not under the influence of intoxicating liquor. Over the objection of the plaintiffs, defendants were allowed to read into evidence the deposition of Clarence E. Henry which had been taken under Rule 31 of the North Carolina Rules of Civil Procedure, upon written interrogatories and filed several months prior to trial. Answers to the interrogatories were generally favorable to the defendants' contentions and unfavorable to the plaintiffs. Included in plaintiffs' fifteen assignments of error based on 35 exceptions is an assignment of error whereby plaintiffs contend that the admission of the deposition into evidence constituted prejudicial error. It did.

Although the North Carolina Rules of Civil Procedure provide extensive rights of discovery to any party, the use of a deposition in a civil case at the trial stage is sharply limited. Rule 43 (a) provides that "[i]n all trials the testimony of witnesses shall be taken orally in open court, unless otherwise provided by these rules." With specific exceptions not material here, Rule 26 (d) (3) provides that a deposition may be used at trial *only* if the court finds: "(i) That the deponent is dead; or (ii) that the deponent is at a greater distance than 75 miles from the place of trial or hearing, unless it appears that the absence of the deponent was procured by the party offering the deposition; or (iii) that the deponent is a physician who either resides or maintains his office outside the county where the trial or hearing is held; or (iv) that the deponent is unable to attend or testify because of age, sickness, infirmity, or imprisonment; or (v) that the party offering the deposition has been unable to procure the attendance of the witness by subpoena; or (vi) upon motion and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice

Maness v. Bullins

and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used. If the court makes any such finding, the deposition may be used by any party for any purpose, whether or not deponent is a party."

The record in this case contains no indication by evidence or stipulation as to the whereabouts of Clarence E. Henry at the time the case came on for trial. There was no finding or inquiry by the trial judge as to the existence of any of the conditions specified in Rule 26(d)(3) which would have made the interrogatories competent and admissible in evidence. Absent such a finding, their admission constituted prejudicial error. We do not find it necessary to pass upon other matters raised in appellants' assignments of error since they may not recur upon a new trial.

New trial.

Judge PARKER concurs.

Chief Judge MALLARD concurring.

I concur in the foregoing opinion but consider it appropriate that the distinction between written interrogatories and depositions be made. A deposition may consist of answers to written interrogatories as well as oral questions. Under Rule 33, written interrogatories may only be addressed to parties, and these interrogatories are not depositions. I quote from Wright & Miller, Federal Practice & Procedure: Civil, § 2131, which shows the distinction made in the Federal rules and which should be made in our rules between the written interrogatories mentioned in Rule 31 and the written interrogatories mentioned in Rule 33:

"Rule 31 specifies the procedure to be followed in taking depositions by means of written questions. Prior to 1970 these were referred to as 'depositions on written interrogatories.' As the Advisory Committee pointed out in connection with the 1970 amendments:

Confusion is created by the use of the same terminology to describe both the taking of a deposition upon 'written interrogatories' pursuant to this rule and the

serving of 'written interrogatories' upon parties pursuant to Rule 33. The distinction between these two modes of discovery will be more readily and clearly grasped through substitution of the word 'questions' for 'interrogatories' throughout this rule."