Maness v. Bullins

LARRY EDWARD MANESS, BY HIS NEXT FRIEND, BERTHA L. MANESS v. RONALD CLYDE BULLINS AND CLYDE COLUMBUS BULLINS AND DANIEL ALEXANDER MANESS, JR. v. RONALD CLYDE BULLINS AND CLYDE COLUMBUS BULLINS

No. 7219SC466

(Filed 2 August 1972)

**Automobiles § 90— incorrect charge on contributory negligence**

Upon a jury request for further instructions on contributory negligence in an action to recover damages sustained by passenger in a one-car collision, the trial court erred when it stated that the law was conflicting and that the Supreme Court had held both ways, because this instruction was prone to leave the jury with no guidance upon the crucial issue of contributory negligence.

APPEAL by plaintiffs from *McConnell, Judge,* 3 January 1972 Session of Superior Court held in RANDOLPH County.

These are actions to recover damages resulting from injuries sustained by the passenger in a one-car collision. Issues of negligence and contributory negligence were each answered "yes" by the jury, and plaintiffs appealed.

*Ottway Burton for plaintiffs.*

*Coltrane & Gavin, by W. E. Gavin, for defendants.*

BROCK, Judge.

This same case was before this Court in the Spring Session of 1971, at that time a new trial was awarded upon plaintiffs' appeal. *Maness v. Bullins,* 11 N.C. App. 567, 181 S.E. 2d 750, certiorari denied 279 N.C. 395. The crux of this controversy revolves around the question of plaintiffs' contributory negligence. The evidence tends to show that defendant was operating the motor vehicle while under the influence of intoxicating beverage. Also, there is evidence which tends to show that plaintiff knew or should have known that defendant was under the influence.

After the jury had been deliberating upon its verdict for approximately an hour and a half, it returned into open court to ask a question and the following transpired:

"JUDGE: Have you selected a foreman to speak for you?

"FOREMAN: Yes, sir.

"JUDGE: I understand you have a question.

"FOREMAN: Shall I read it or would you like—

"JUDGE: No, you ask your question in open Court so that it can be recorded by the reporter and with all the parties present.

"FOREMAN: Your Honor, the jurors have requested that we get a ruling of the State Supreme Court, a ruling of law of contributory negligence on any passenger in an automobile.

"JUDGE: Well, it is conflicting. As I heretofore stated, ordinary negligence is not imputed. The negligence of the driver is not imputed to a passenger. However, the Court has held that there may be circumstances in which a passenger or guest may be guilty of negligence, depending upon the facts and circumstances involved in the case. A passenger or guest is not absolved from all personal care for his own safety but is under the duty of exercising the reasonable or ordinary care that a reasonably prudent person would exercise under like or similar circumstances to avoid injury. Our Court has held, the Supreme Court, and it all depends upon the facts. Our Court has held both ways, that when there is knowledge that the driver is under the influence of an intoxicating beverage and the passenger voluntarily rides with him, our Court has held that person to be guilty of contributory negligence, but a passenger cannot be held, as a matter of law, where the evidence shows that the driver was driving in a reckless manner and that the passenger repeatedly asked the driver to drive carefully and requested that the driver stop and let him out, and the evidence which discloses that he had drunk an intoxicating beverage prior to the trip without proof of his being under the influence fails to disclose contributory negligence as a matter of law. So it is conflicting.

*      *      *

"I am sorry, but you asked for the ruling of the Supreme Court. They have ruled, well, not both ways, but they have reiterated that each case depends upon the circumstances of that case. Did the plaintiff act as a reason-

ably prudent person would have acted under the same or similar circumstances, that is, did he exercise due care for his own safety; and that is the only time that the negligence of the driver is imputed to the passenger, that is, that he did not exercise reasonable care for his own safety."

We feel that this additional instruction was confusing to the jury and possibly left them with the feeling that they had no guidance from the law. The trial judge started out by saying: "Well, it is conflicting." Then further on the judge said: "Our Court has held both ways." Then he said again: "So it is conflicting."

Although it seems that the experienced and able trial judge had correctly instructed the jury originally, we feel that this additional instruction, given in an effort to comply with the request of the jury, was extremely prone to leave the jury with no guidance upon the crucial issue involved in the case. It is unfortunate, because the case must now be tried for the third time.

Plaintiffs assign as error that the trial judge allowed defendants' motions to strike portions of plaintiffs' replies. This assignment of error is without merit and is overruled.

Plaintiffs assign as error that the trial judge allowed defendants' motions to quash subpoenas requiring two officials of Nationwide Insurance Company to appear and produce records of payments made to Clarence Ernest Henry, the other passenger in defendants' car at the time of the collision. The evidence plaintiff sought to elicit was incompetent in this trial and this assignment of error is overruled.

For error in the additional instructions to the jury, it is necessary to order a

New trial.

Chief Judge MALLARD and Judge CAMPBELL concur.