LARRY EDWARD MANESS v. RONALD CLYDE BULLINS AND CLYDE COLUMBUS BULLINS

— AND —

DANIEL ALEXANDER MANESS, JR. v. RONALD CLYDE BULLINS AND CLYDE COLUMBUS BULLINS

No. 7319SC612

(Filed 12 September 1973)

**Appeal and Error § 48; Automobiles § 45— damages action for negligent operation of vehicle — reference to liability insurance — error**

The existence of insurance covering a defendant's liability in an action for damages by reason of defendant's negligence is wholly irrelevant to issues involved, and a reference indicating directly that defendant has liability insurance is prejudicial and should not be permitted over defendant's objection thereto; therefore, in an action for damages allegedly sustained as a result of defendant's negligent operation of a motor vehicle, defendant is entitled to a new trial where, during the selection of the jury, plaintiffs' counsel asked the prospective jurors, "Is there any member of the jury who feels that his liability insurance rates will go up if he returns a verdict against the defendants in this case?"

APPEAL by defendant from Seay, Judge, 19 February 1973 Session of Superior Court held in RANDOLPH County.

The minor plaintiff seeks to recover damages for personal injury alleged to have been sustained by the negligent operation of a motor vehicle in which he was riding as a passenger. The adult plaintiff, father of the minor plaintiff, seeks to recover

damages for the medical expenses incurred in the treatment of his son's injuries.

The jury answered the negligence issue in each case favorable to the plaintiff. It awarded $3,000.00 damages in the minor's case and no damages in the father's case.

By a separate appeal the plaintiff father seeks a new trial on the issue of damages only in his case.

Defendant, in his appeal, seeks a new trial on all issues in both cases.

*Ottway Burton, for the plaintiffs.*

*Coltrane & Gavin, by W. E. Gavin, for the defendants.*

BROCK, Chief Judge.

These cases have been tried before a jury three times. After the first trial, upon appeal by the plaintiffs, this Court ordered a new trial. *Maness v. Bullins,* 11 N.C. App. 567, 181 S.E. 2d 750 (1971). After the second trial, upon appeal by the plaintiffs, this Court ordered a new trial. *Maness v. Bullins,* 15 N.C. App. 473, 190 S.E. 2d 233 (1972). After the third trial, upon appeal by the defendants, it becomes necessary again to order a new trial. We indulge in the hope that the fourth trial will terminate this litigation and let the courts move on to less time worn controversies.

During the selection of the jury to hear the evidence in this case, Mr. Burton, counsel for plaintiffs, asked the prospective jurors the following question: "Is there any member of the jury who feels that his liability insurance rates will go up if he returns a verdict against the defendants in this case?" The trial judge instructed the jurors that they were not to consider the question or any feature of it in this case.. At the earliest time available for such motion defendants moved for a mistrial. Their motion was denied and they assign this as error.

Such a question could only be calculated to instill in the minds of the jurors that defendants have adequate liability insurance to respond in damages. The existence of insurance covering a defendant's liability in an action for damages by reason of defendant's negligence is wholly irrelevant to the issues involved. Where reference is made indicating directly that defendant has liability insurance, it is prejudicial, and

should not be permitted over defendant's objection thereto. *Fincher v. Rhyne,* 266 N.C. 64, 145 S.E. 2d 316. The North Carolina courts have adhered to the rule that evidence or mention of insurance is not permitted. *Fincher v. Rhyne, supra.*

New trial.

Judges HEDRICK and BALEY concur.