DANIEL ALEXANDER MANESS, JR., ADMINISTRATOR OF THE ESTATE OF LARRY EDWARD MANESS v. RONALD CLYDE BULLINS AND CLYDE COLUMBUS BULLINS

DANIEL ALEXANDER MANESS, JR. v. RONALD CLYDE BULLINS AND CLYDE COLUMBUS BULLINS

No. 7519SC361

(Filed 15 October 1975)

1. Trial § 54— compromising and inconsistent verdict — new trial

Jury verdict finding defendant negligent and the minor plaintiff not contributorily negligent and awarding the minor plaintiff nothing but plaintiff father $3274.67 for sums expended for medical treatment and care furnished his son was inconsistent and a compromise.

2. Trial § 8— separate trials ordered — order not binding on hearing judge

Since consolidation of claims cannot be thrust upon a presiding judge by edict of another judge, then, correspondingly, one judge should not have to follow the decision of another judge ordering separate trials on the separate claims of the two plaintiffs presented jointly in the earlier action.

APPEAL by plaintiff from *Long, Judge.* Judgment entered 17 December 1974 in Superior Court, RANDOLPH County.

This litigation arose out of a one-vehicle collision with a utility pole in June 1966. Larry Edward Maness was a passenger in the vehicle owned by defendant Clyde Columbus Bullins and operated by defendant Ronald Clyde Bullins. Larry Maness, through his next friend, instituted suit to recover damages for alleged severe facial injuries received in the accident. Daniel Alexander Maness, Jr., instituted an action to recover sums expended by him for medical treatment and care furnished his minor son.

Defendants denied negligence and pled the contributory negligence of Larry Maness as a bar to any recovery.

At the close of all the evidence, the court asked the jury to consider four specific issues and the verdict rendered included the following:

"1. Were Larry Edward Maness and Daniel Alexander Maness, Jr., injured and damaged by the negligence of the defendant, Ronald Clyde Bullins, as alleged in the Complaint?

ANSWER: Yes.

2. Did Larry Edward Maness contribute to his own injuries by his own negligence, as alleged in the Answers?

ANSWER: No.

3. What amount of damages, if any, is D. A. Maness, Jr., Administrator of the Estate of Larry Edward Maness, deceased, entitled to recover of the defendants?

ANSWER: None.

4. What amount of damages is the plaintiff, Daniel Alexander Maness, Jr., entitled to recover of the defendants?

ANSWER: $3,274.67."

The trial court, finding the verdict inconsistent, set it aside and ordered separate trials on the separate claims of the two plaintiffs. From the judgment and order entered, plaintiffs appealed.

*Ottway Burton and Millicent Gibson for plaintiff appellants.*

*Coltrane and Gavin, by W. E. Gavin, for defendant appellees.*

MORRIS, Judge.

The cases have now been tried four times. After the first trial, upon plaintiffs' appeal, a new trial was awarded. *Maness v. Bullins,* 11 N.C. App. 567, 181 S.E. 2d 750 (1971). At the second trial, the jury again found defendant driver negligent and plaintiff contributorily negligent. Plaintiff appealed and was awarded a new trial for prejudicial error in the charge of the court. *Maness v. Bullins,* 15 N.C. App. 473, 190 S.E. 2d 233 (1972). Upon the third trial, the jury answered the negligence issue in plaintiff's favor, awarded the minor plaintiff

$3,000, but the father nothing. Both plaintiff father and defendants appealed, and a new trial was again ordered. *Maness v. Bullins,* 19 N.C. App. 386, 198 S.E. 2d 752 (1973), cert. denied 284 N.C. 254 (1973), and *Maness v. Bullins,* 19 N.C. App. 388, 198 S.E. 2d 753 (1973), cert. denied 284 N.C. 254 (1973). In *Maness v. Bullins,* 19 N.C. App. 386, at 387, Judge Brock expressed the hope "that the fourth trial will terminate this litigation and let the courts move on to less time worn controversies." We have before us the fourth appeal, and we find that again history must repeat itself. Still a fifth trial must be had.

[1] Plaintiff appellants first contend that the verdict rendered by the jury was neither inconsistent nor a compromise. We disagree. In an analogous case, a minor plaintiff, purportedly injured by defendant's negligence, alleged $25,000 damages. The minor plaintiff's father also sued to recover medical expenses incurred in the amount of $1,970. The jury's verdict found the defendant negligent and the minor plaintiff free of contributory negligence. The jury, however, awarded no damages to the minor plaintiff, and yet, awarded the plaintiff's father $1,970 for the medical expenses incurred. The Court held:

> "Under the circumstances here presented, there is ground for a strong suspicion that the jury awarded no damages to the minor plaintiff as a result of a compromise on the first and second issues involving the question of liability. For that reason we think the error in assessing damages tainted the entire verdict . . . ." *Robertson v. Stanley,* 285 N.C. 561, 569; 206 S.E. 2d 190 (1974). Also see 7 Strong, N. C. Index, 2d, Trial, § 54.

The Court, amplifying this position, further noted:

> "Under such circumstances, with the evidence of pain and suffering clear, convincing and uncontradicted, it is quite apparent that the verdict is not only inconsistent but also that it *was not rendered in accordance with the law.* Such verdict indicates that the jury arbitrarily ignored plaintiff's proof of pain and suffering. If the minor plaintiff was entitled to a verdict against defendant by reason of personal injuries suffered as a result of defendant's negligence, then he was entitled to *all* damages that the law provides in such case. . . . 'When it is apparent that a jury by its verdict holds the defendant responsible for a

Maness v. Bullins

whole loaf of bread, it may not then neglectfully, indifferently, or capriciously cut off a portion of that loaf as it hands it to the plaintiff.' " *Id.*, at 566-567; quoting *inter alia, Todd v. Bercini*, 371 Pa. 605, 92 A. 2d 538 (1952).

[2]  Plaintiff next contends that the trial court cannot, when granting a new trial, go further and order separate trials on the two claims presented by the plaintiffs in the instant case. We agree. "One Superior Court judge may not . . . restrain another judge from proceeding in a cause of which he has jurisdiction." 2 Strong, N. C. Index 2d, Courts, § 9. The rules regarding separation of claims, moreover, are considered a " . . . necessary corollary to the rules permitting practically unlimited claim joinder. . . . " 1 McIntosh, N. C. Practice and Procedure, Separate Trial, § 1341 (Phillips Supp. 1970). In light of the interdependent nature of the rules regarding joinder and separation of trials and claims, we find our earlier decision in *Pickard v. Burlington Belt Corporation*, 2 N.C. App. 97, 103, 162 S.E. 2d 601 (1965), dispositive of the matter at issue in the case at bar. There we noted that:

> "Whether cases should be consolidated for trial is to be determined in the exercise of his sound discretion by the judge who will preside during the trial; a consolidation cannot be imposed upon the judge presiding at the trial by the preliminary Order of another trial judge."

Since consolidation of claims cannot be thrust upon a presiding judge by edict of another judge, then, correspondingly, one judge should not have to follow the decision of another judge granting new trials on the joint claims previously presented in the earlier action.

As to the order setting the verdict aside; Affirmed.

As to the order awarding separate new trials on the two claims presented; Reversed.

Judges VAUGHN and CLARK concur.