## Crockett v. Miller and Norford, Inc.

C. *Lee Anderson*, for plaintiffs.
*William F. Martson*, for Miller and Norford, Inc.
*Mark E. Garber, Jr.*, for Associated Masonry, Inc. and Carl W. Cooper.
*James F. Carl*, for West Shore School District Authority.

RAMBO, *J.*, September 20, 1977 — On April 21, 1975, plaintiff David J. Crockett was injured when a free-standing sample masonry wall fell on him on the grounds of the Lower Allen Township Elementary School in Lower Allen Township. The school had been closed for several months so that new construction and remodeling of the building and grounds could be accomplished. David had leaned against the wall, whereupon it rocked back and then forward and fell on him. The accident resulted in a broken leg and a recovery period of approximately four months.

This action was brought by David's father, W. James Crockett, both on his own behalf and on

behalf of his son against: the general contractor, Miller and Norford, Inc.; the masonry subcontractor, Associated Masonry, Inc. and Carl W. Cooper; and West Shore School District Authority. A jury trial was held beginning on May 18, 1977, and verdicts in favor of the father for $3,046.75 against defendant Miller and Norford, and in favor of the son for zero dollars were returned. No verdict was returned against defendants Associated Masonry and Carl W. Cooper and nonsuit was granted as to defendant West Shore School District Authority.

Plaintiffs have filed a motion for new trial limited to the issue of damages only contending that the verdict of zero dollars in favor of David Crockett is insufficient and renders the verdicts inconsistent as a matter of law. Defendant Miller and Norford opposes the grant of a new trial to plaintiffs, but has also filed a motion for new trial for the reason that if a new trial is granted, it should not be limited to damages alone but should be a new trial in general. Defendants Associated Masonry, Inc. and Carl W. Cooper and West Shore School District Authority oppose the grant of a new trial as to them. The motions are presently before this court for disposition.

Plaintiffs allege that the verdict of zero dollars in favor of the son is inconsistent and insufficient because he was not compensated for pain and suffering or the loss of life's pleasures. On the other hand, defendant asserts that a jury may refuse to give anything for pain and suffering.

These contentions present the court with a difficult question. There are no controlling Pennsylvania cases, and few commentators have addressed themselves to the issue of when a jury may properly ignore a plaintiff's claim of damages for pain and suffering. Accordingly, we have turned to

a number of cases in other jurisdictions which we believe resolve the question.

In Maness v. Bullins, 27 N.C. App. 214, 218 S.E. 2d 507 (1975), the court held that a verdict which found a defendant negligent and the son not to be contributorily negligent and which awarded damages to the father for medical expenses but not to the father as the administrator of his son's estate for pain and suffering was inconsistent. It further stated:

> " 'Under such circumstances, *with the evidence of pain and suffering clear, convincing and uncontradicted,* [it] is quite apparent that the verdict is not only inconsistent but also that it was not rendered in accordance with the law. Such verdict indicates that the jury arbitrarily ignored plaintiff's proof of pain and suffering. If the minor plaintiff was entitled to a verdict against the defendant by reason of personal injuries suffered as a result of defendant's negligence, then he was entitled to *all* damages that the law provides in such case.' " Id. at 216, 218 S.E. 2d at 509. (Emphasis supplied.)

A comparison of two Florida cases brings the rule into clearer focus. Pickel v. Rosen, 214 So. 2d 730 (Fla. App. 1968), was an action by a minor plaintiff and his father to recover for personal injuries and medical expenses suffered by the minor in a car accident. Defendant denied any negligence and raised the defense of contributory negligence. The jury returned a verdict for plaintiffs, awarding the father the exact amount of the medical expenses, but awarding the minor zero dollars for his pain and suffering. The court ordered a new trial, stating that there was *uncontroverted* evidence that the minor had suffered pain, and there was no question but that it was the proximate result of the accident.

It added: "Under these circumstances the award of zero dollars was inconsistent with the award of the exact medical expenses to the plaintiff-father [citations omitted] . . . Had the jury returned a verdict for the plaintiff minor for even a small amount, perhaps our result would have been different." 214 So. 2d at 731. (Emphasis supplied.)

A different result on similar facts took place in Clark v. Yellow Cab Company of Miami, 195 So. 2d 39 (Fla. App. 1967). There an identical jury verdict awarding medical expenses to the father and zero dollars to the son was allowed to stand because the evidence was in conflict as to whether the minor suffered a compensable injury. On that record, the court reasoned, the jury did not have to award any damages even if defendant was found liable.

The distinction between the two cases lies in whether, in any particular case, the fact of injury is disputed. If it is in issue, the jury may or may not award damages for pain and suffering. However, where the evidence clearly shows injury, and no proof is offered to the contrary, the jury may not completely ignore this item in its award of damages. Although it has not spoken directly on the issue, the Pennsylvania Supreme Court indicated its agreement with this view in Pascarella v. Pittsburgh Railways Co., 389 Pa. 8, 131 A. 2d 445 (1957), where it stated: "Once a jury imposes legal liability on a responsible party they may not wilfully or capriciously withhold payment of an item which is inextricably interwoven in the pattern of the liability." Id. at 13, 131 A. 2d at 447.

Defendant contends that the verdict here is a compromise, and it should be upheld in light of the general policy favoring compromise verdicts. Although that may be true generally, it is not the policy of the courts to uphold the decision of juries

who contradict themselves in attempting to compromise: Perkon v. Marnella, 392 Pa. 319, 140 A. 2d 799 (1958). If the jury believed defendant responsible for the "whole loaf" of David's injuries, it may not "neglectfully, indifferently, or capriciously cut off a portion of that loaf as it hands it to the plaintiff." Todd v. Bercini, 371 Pa. 605, 608, 92 A. 2d 538, 539 (1952). Here there was uncontroverted testimony that David was in traction for eight weeks due to his broken leg. There must have been pain. There is no question that it had some value, and should have been compensated. Once the jury imposed liability, it cannot refuse to order payment of an uncontroverted item of damages. The attempt of the jury to do so mandates a new trial.

However, we must reject plaintiff's request to limit the new trial to the issue of damages alone and eliminate the issue of contributory negligence. A new trial may be limited to questions of damages only in those cases where liability is clear; that is, where liability is uncontested or determined without substantial complaint, and where liability issues are not interwoven with damage questions: Gagliano v. Ditzler, 437 Pa. 230, 263 A. 2d 319 (1970).

That is certainly not the case here. The liability issues were hotly contested at trial. Both during and after trial, all defendants moved for directed verdicts on liability. By refusing to award David damages, the jury left the questions of negligence and contributory negligence in doubt. It would be sheer speculation for us to attempt to interpret its action as it relates to the disposition of these issues. In light of this, and viewing the trial in its totality, we are unable to agree with plaintiffs that the issue of liability has been definitely and conclusively set-

tled by the verdict. Therefore, the new trial will encompass all issues of liability.

As to defendant Associated Masonry, Inc. and Carl W. Cooper, we are of the opinion that their presence at trial is necessary to insure a full relitigation of all issues. They cannot rely on a jury verdict that has been shown to be inconsistent to absolve themselves of liability. Consequently, they will be joined as a defendant at the new trial.

As to defendant West Shore School District Authority, however, there is no need to relitigate their liability. No proof as to their possible negligence was shown at the first trial, resulting in a directed verdict in their favor. Since the issue of their liability never went to the jury, it is not affected by the inconsistent verdict. Thus, they must be dismissed as a defendant.

## ORDER

And now, September 20, 1977, for the reasons set forth in the opinion filed this date, the motions of defendant Miller and Norford, Inc. for a new trial as to all issues and of defendant West Shore School District Authority to be dismissed as a party defendant are granted. All other motions before this court are denied.