IN RE ADOPTION OF LAURA NORWOOD

IN RE ADOPTION OF AMANDA KAY HAIGLER

No. 7920SC110

(Filed 16 October 1979)

1. **Adoption § 2.1— county department of social services—withholding of consent to adoption**

   A county department of social services did not unreasonably and unjustly withhold consent to petitioners' adoption of a child which had been placed with petitioners under a foster home program.

2. **Adoption § 2— clerk's transfer of adoption petition to superior court**

   A clerk of superior court properly transferred an adoption petition to the superior court for hearing where there were issues of law and fact to be determined. G.S. 1-273.

APPEAL by Tommy Wilson Norwood and Barbara Simpson Norwood from *Smith (David I.), Judge.* Judgment entered 7

November 1978 in Superior Court, UNION County. Heard in the Court of Appeals 19 September 1979.

This is an action for the adoption of an unnamed child. At the hearing in the Superior Court of Union County, the judge presiding made the following findings of fact, conclusions of law and entered judgment substantially as follows:

1. That the petitioners Norwood on 11 May 1978 signed an Agency-Foster Parents Agreement in which they agreed, among other things:

> (a) that the supervising agency has the final authority to make and carry out case work plans for a child, such as adoption;
>
> (b) to initiate no proceeding for the adoption or custody of a child without the written permission of the supervising agency.

2. That the policy of the Department of Social Services is not to encourage adoption by foster parents.

3. That an unnamed baby girl (hereinafter referred to as child) was born 10 May 1978; that the child's natural mother executed a Parent's Release, Surrender and Consent to Adoption in favor of the Union County Department of Social Services on 12 May 1978, and the child's natural father executed a like instrument on 19 May 1978.

4. That the child was placed with the petitioners Norwood on 19 May 1978 pursuant to the Agency-Foster Parents Agreement mentioned aforesaid.

5. That the adoptive board of the Department met 28 July 1978 for consideration of adoption of the child; that ten couples were considered for the adoption of two infants, including the child in this action; that the petitioners Norwood and the petitioners Haigler were considered for such adoptive parents; that the adoptive board studied case histories for each couple under consideration and as a result, selected the petitioners Haigler for the adoption of the child in this case; that the Department of Social Services reviewed the decision of the adoptive board and approved the selection of the petitioners Haigler as the adoptive parents.

6. That the petitioners Norwood refused to release the child, and on 14 August 1978 filed a petition in this cause alleging that the Department of Social Services had wrongfully and unlawfully withheld its consent to the adoption of the child.

7. That the Department of Social Services contends that the reason for withholding a consent is that it has determined there is a more suitable adoptive home for this child and it is in the best interest of the child that such child be adopted by the other family.

8. That petitioners Haigler filed a petition for the adoption of the child on 24 August 1978.

9. That the clerk of superior court transferred these matters to the superior court pursuant to G.S. 1-173, and the matters were consolidated for trial.

10. That on 4 November 1978 the District Court of Union County entered an order placing custody of the child with the petitioners Norwood and divesting the Department of Social Services of such custody.

11. That the petitioners Norwood are fit and proper persons to have the care, custody and control of the child in this action and are financially able to adequately provide for the child.

12. That petitioners Haigler are fit and proper persons to have the care, custody and control of the child and are financially able to adequately provide for such child.

13. That the welfare of the minor child is the primary concern of the court. That the consent of the Department of Social Services to the adoption sought by the petitioners Norwood is required by G.S. 48-9(b) unless otherwise ordered by a court of competent jurisdiction as provided in G.S. 48-9.1(1). That such Department has latitude and discretion concerning whether it should give or withhold its consent to the adoption, and a court of competent jurisdiction should not dispense with said consent or permit an adoption proceeding to continue without said consent unless it clearly appears that the withholding of consent is unreasonable.

14. That the Department of Social Services has in all respects properly withheld its consent to the adoption by peti-

tioners Norwood, and its refusal has not been shown to be clearly unreasonable but is based upon reason and the best interest of all parties concerned.

15. That the welfare of said infant child will best be served by dismissing the petition for adoption filed by the Norwoods and the petition and consent for adoption filed by petitioners Haigler be approved pursuant to law.

To the signing of the foregoing order entered in this cause, petitioners Norwood gave notice of appeal.

*Harry B. Crow, Jr., for plaintiff appellant.*

*Griffin, Caldwell & Helder, by H. Ligon Bundy, for defendant appellee, D.S.S.*

*Smith, Smith, Perry & Helms, by Donald C. Perry, for defendant appellees Haigler.*

HILL, Judge.

[1]   In order to prevail in this cause, the Norwoods must show on appeal that the D.S.S. unreasonably and unjustly withheld consent to adoption by them of the child in question. *See In re Daughtridge,* 25 N.C. App. 141, 212 S.E. 2d 519 (1975). The findings of fact by the superior court judge do not substantiate the Norwoods' position.

It is a basic principle of law that the County Department of Social Services, which the director represents, or the child placing agency, to which the child has been surrendered and consent has been given, shall have legal custody of the child to be adopted. The Department or the child placing agency also possess all rights of the consenting parties, except for inheritance rights, upon surrender of the child. The department or agency retains custody as well as the consenting parties' rights until entry of the interlocutory decree provided for in G.S. 48-17, or until the final order of adoption is entered if the interlocutory decree is waived by the court in accordance with G.S. 48-21, or until consent is revoked within the time permitted by law, or unless otherwise ordered by a court of competent jurisdiction. G.S. 48-9.1(1).

[2]   The appellants contend that the clerk erred in entering the order transferring the petition of the Norwoods, the appellants, to the superior court for hearing. There was no error.

An adoption proceeding is a special proceeding before the clerk of superior court.

G.S. 1-272 provides as follows:

Appeals lie to the judge of the superior court having jurisdiction, either in session or vacation, from judgments of the clerk of the superior court in all matters of law or legal inference.

G.S. 1-273 provides as follows:

If issues of law and of fact, or of fact only, are raised before the clerk, he shall transfer the case to the civil issue docket for trial of the issues at the next ensuing term of the superior court. *In the Matter of Wallace*, 267 N.C. 204, 147 S.E. 2d 922 (1966).

See generally, also, G.S. 48-12, G.S. 48-21 and G.S. 48-27. From the findings of fact the trial court makes it clear that there were such issues. The clerk properly transferred the petition to the superior court for hearing.

We fail to see how the appellants were prejudiced by consolidating the hearing on the Haigler and the Norwood petitions. A trial court has the discretionary power to consolidate actions for trial, and the order will not be disturbed on appeal in the absence of showing injury or prejudice to the appealing party. *Kanoy v. Hinshaw*, 273 N.C. 418, 160 S.E. 2d 296 (1968).

In this case the trial judge was correct in all respects in ruling that the Norwoods had the burden of proof to show that the hearing should proceed without a consent for adoption. It appears that the trial judge spent considerable time, both on the bench and in chambers, and also recalled one witness before making his judgment on this point. The Department of Social Services is an administrative body charged with the responsibility of making thorough and critical investigations of all prospective adopting parents, and the findings of fact in the judgment indicate this was done. The Department reports, while subject to review by the

courts, must be presumed to have been made in good faith and accepted as such until overturned or rebutted.

For the reasons stated herein, we conclude that the order entered by Judge Smith should be, and is

Affirmed.

Judges VAUGHN and ERWIN concur.