HAYDEN P. OXENDINE AND WIFE, DOROTHY W. OXENDINE v. CATAWBA COUNTY DEPARTMENT OF SOCIAL SERVICES

No. 8025SC280

(Filed 2 December 1980)

1. Rules of Civil Procedure § 42; Trial § 8— superior and district court actions — consolidation for trial — no authority by nonpresiding judge

   A superior court judge had no authority under G.S. 1A-1, Rule 42 (a) to order the consolidation for trial in the superior court of plaintiffs' district court action for permanent child custody and plaintiffs' superior court action for adoption of the child where the judge entered the order out of term and out of session, he was not presiding at the trial of this matter when he entered his preliminary order of consolidation, and he was not scheduled to preside at the session of court at which the consolidated cases were set for trial.

2. Infants § 6— child placed by department of social services — standing of foster parents to seek permanent custody

   Foster parents had no standing to bring an action for permanent custody of a child temporarily placed with them by the county department of social services where the rights of the child's natural parents had been surrendered to the department of social services, and the department had legal custody of the child and the right to place the child for adoption. G.S. 7A-289.33.

3. Infants § 6— right to bring child custody action — effect of G.S. 50-13.1

   G.S. 50-13.1 gives a right to bring a child custody action only in instances where custody disputes have arisen in the context of separation and divorce and

does not give foster parents standing to bring an action for permanent custody of a child temporarily placed with them by the county department of social services.

**4. Adoption § 2.1— consent by department of social services — reasonableness of withholding of consent**

   Although plaintiff foster parents agreed "to initiate no proceedings for the adoption or custody of a child without the prior written permission of the supervising agency," the trial court in a proceeding instituted by plaintiffs to adopt a child placed with them by the county department of social services must determine whether the consent of the department to plaintiffs' adoption of the child was unreasonably and unjustly withheld, and if the court finds that a failure to allow plaintiffs to petition for adoption would be inimical to the best interests and welfare of the child, it may proceed as if permission had been given.

**5. Adoption § 2; Clerks of Court § 3— adoption proceeding — transfer to civil issue docket**

   The clerk of superior court properly transferred an adoption petition to the civil issue docket of the superior court where issues of law and fact were raised. G.S. 1-273.

APPEAL by plaintiff from *Ferrell, Judge.* Order entered 13 November 1979 in Superior Court, CATAWBA County. Heard in the Court of Appeals 17 September 1980.

The minor child involved in this case was, on 19 April 1978, placed in the custody of and surrendered to the defendant, Department of Social Services, for adoptive placement by his biological mother. On 20 October 1978, the biological father of the child executed a consent for this child to be placed for adoption by defendant.

On 2 June 1978, when the child was approximately five weeks old, he was placed by defendant in plaintiffs' home. Plaintiffs were to provide care and supervision for the child as licensed foster parents under the Foster Home Program. This child had, and still suffers from, severe respiratory problems and, as a result, was subject to seizures. These medical problems required special care and attention including constant special supervision of the child, which necessary care plaintiffs supplied. The child slept in the same room with the plaintiffs from the time it was placed in their care due to the danger of death to the child from its seizures. In April of 1979, plaintiffs requested defendant's consent to adopt this child. Defendant denied their request on the bases that plaintiffs were ineligible because (1) at ages forty-four and forty-three they were too old and because (2) their residency was in Catawba County, which under the circumstances greatly increased the like-

lihood that the natural parents of the child would learn of his identity and whereabouts. Soon after this denial, on 7 May 1979, plaintiffs were informed by defendant that adoptive placement of the child in another home was imminent and that they could expect removal of the child in the near future.

Consequently, plaintiffs filed a complaint in Catawba County District Court on 25 May 1979 seeking permanent custody of the child. This action for custody was brought pursuant to G.S. 50-13.4 and G.S. 50-13.5 (b) (1). On the same day, Judge Tate entered an interlocutory custody order awarding plaintiffs custody of the child pending the final outcome of their custody action.

On 12 June 1979, plaintiffs filed a petition for adoption of Jeffrey Thomas Brown with the Clerk of Superior Court of Catawba County. Defendant answered plaintiffs' petition by denying that plaintiffs' custody of the child would be in its best interest and enumerating several justifications for this conclusion. Defendant also claimed that plaintiffs failed to state a claim for relief in their adoption petition, that they are barred by their Agency Foster Parents Agreement from bringing the adoption proceeding, and that they have no standing before the court due to the terms of this agreement.

On 11 October 1979, the Clerk of Superior Court ordered the adoption proceeding transferred to the civil issue docket of Catawba County Superior Court for hearing, for that both factual and legal matters were at issue in this cause.

Thereafter defendant moved, pursuant to Rule 42 (a) of the North Carolina Rules of Civil Procedure, to consolidate for hearing in the superior court plaintiffs' district court custody action with plaintiffs' petition for adoption.

Plaintiffs were given notice that defendant's motion to consolidate the adoption proceeding and custody action would be heard 26 October 1979. Plaintiffs filed notice of limited appearance challenging the jurisdiction of the superior court to hold a hearing on the consolidation matter. Plaintiffs contended that the district court had exclusive jurisdiction over child custody matters pursuant to G.S. 50-13.5 (h) and, further, that the superior court had no jurisdiction to consider the adoption proceeding prior to an appeal from a determination by the Clerk of Superior Court. In support of

the latter contention plaintiffs argued that G.S. 48-12 gave the Clerk original exclusive jurisdiction of adoption proceedings and the superior court had no jurisdiction except on appeal.

Despite plaintiffs contentions, Judge Ferrell entered an order on 13 November 1979 consolidating the custody action and adoption proceedings for trial in the superior court. He dismissed plaintiffs' motion to vacate the Clerk of Superior Court's order transferring the adoption proceeding to superior court.

On 16 November 1979, plaintiffs filed notice of appeal from Judge Ferrell's order consolidating the two proceedings and dismissing plaintiffs' motion to vacate the Clerk's transfer of the adoption proceeding to the superior court.

On 26 November 1979, defendant filed a motion asking the trial court to declare plaintiffs' notice of appeal and appeal entries null and void. Defendant also asked that the superior court set the consolidated actions for trial. 3 December 1979 was set as the hearing date for this motion.

Plaintiffs objected to this hearing on the grounds that the superior court had no jurisdiction in either case and that the matter was already on appeal to the Court of Appeals involving jurisdictional issues.

Subsequently, Judge Ferrell entered an order on 10 December 1979 concluding that his order of 13 November 1979 was a nonappealable interlocutory order and that the notice of appeal and appeal entries which he had signed earlier were a nullity. Judge Ferrell set the trial of the consolidated actions for 4 February 1980. Plaintiffs' petition for a writ of certiorari was allowed by this Court on 23 January 1980.

*Rudisill and Brackett, by J. Richardson Rudisill, Jr., and Chambers, Stein, Ferguson and Becton, by John W. Gresham and Adam Stein, for plaintiff appellants.*

*Sigmon and Sigmon, by W. Gene Sigmon, and Thomas W. Warlick for defendant appellee.*

MORRIS, Chief Judge.

[1] This case presents for decision one major issue and several ancillary issues. The key issue is whether it was proper for Superior

Court Judge Ferrell to enter his interlocutory order consolidating plaintiffs' custody action and plaintiffs' petition for adoption for hearing in the superior court. Judge Ferrell heard defendants' motion for consolidation and issued his order out of term and out of session.

G.S. 1A-1, Rule 42 (a) authorizes a superior court judge to order the consolidation of actions pending in both the superior and district court divisions of the same county when the actions to be consolidated involve common questions of law and fact. The custody action and petition for adoption in the case *sub judice* do involve related issues of fact and law. However, from a procedural standpoint, this consolidation was in error.

Prior to the effective date of the current Rules of Civil Procedure in our State, this Court decided that only the judge who would preside at the trial of the matters to be consolidated could order their consolidation. In *Pickard v. Burlington Belt Corp. & Burlington Belt Corp. v. Clark Bldg. Co.*, 2 N.C. App. 97, 162 S.E. 2d 601 (1968), Judge Brock, now Justice Brock, stated with regard to this issue: "Whether cases should be consolidated for trial is to be determined in the exercise of his sound discretion by the judge who will preside during the trial; a consolidation cannot be imposed upon the judge presiding at the trial by the preliminary Order of another trial judge." 2 N.C. App. at 103, 162 S.E. 2d at 604-05.

The effect of this decision has been carried forward in interpreting the applicability of Rule 42 (a). In *Maness v. Bullins*, 27 N.C. App. 214, 218 S.E. 2d 507 (1975), this Court reasserted the validity of *Pickard* with regard to consolidation. There we cited Justice Brock's statement in *Pickard* and added "Since consolidation of claims cannot be thrust upon a presiding judge by edict of another judge, then, correspondingly, one judge should not have to follow the decision of another judge granting new trials on the joint claims previously presented in the earlier action." *Maness v. Bullins*, 27 N.C. App. at 217, 218 S.E. 2d at 509.

Judge Ferrell was not presiding at the trial of this matter when he entered his interlocutory order of consolidation. He heard defendant's motion and entered his order out of term and out of session. Nor was he scheduled to preside at the session of court at which the consolidated cases were, by him, set for trial. Under the foregoing rules we must conclude that his consolidation of these

proceedings was improper.

**[2]** We must now consider whether plaintiffs had the required standing to bring their custody action.

Under G.S. 48-9.1 (a) (1) the county department of social services or the child placing agency to which the child has been surrendered and parental consent has been given has the legal custody of the child to be adopted. That legal custody does not ever pass to the foster parents, although the child has been placed in their physical custody. The department or child placing agency also possesses all rights of the consenting parties, except inheritance rights, upon surrender of the child. The department or agency retains legal custody of the child as well as the rights of the consenting parties until entry of the interlocutory decree provided for in G.S. 48-17, or until the final order of adoption is entered if the interlocutory decree is waived by the court in accordance with G.S. 48-21, or until consent is revoked within the time permitted by law, or unless otherwise ordered by a court of competent jurisdiction.

In an earlier case, *Browne v. Dept. of Social Services*, 22 N.C. App. 476, 206 S.E. 2d 792 (1974), Judge Britt, now Justice Britt, decided in circumstances similar to those before us that foster parents had no standing to sue for the custody of a child that had been placed with them by a department of social services. Judge Britt reasoned:

> G.S. 7A-288 provides for the custody of, and the termination of parental rights in, neglected children. The statute contains the following provision: "In such cases, the court shall place the child by written order in the custody of the county department of social services or a licensed child-placing agency, *and such custodian shall have the right to make such placement plans for the child as it finds to be in his best interest.* Such county department of social services or licensed child-placing agency shall further have the authority to consent to the adoption of the child, to its marriage, to its enlistment in the armed forces of the United States, and to surgical and other medical treatment of the child." (Emphasis added).

> We hold that the petitioner had no standing to have the court determine the custody, temporary or permanent, of the children in question.

22 N.C. App. at 478, 206 S.E. 2d at 793.

G.S. 7A-288 under which *Browne* was decided was repealed in 1977, 1977 N.C. Sess. Laws Ch. 879, § 7. Plaintiffs filed their complaint asking for custody of the minor child on 25 May 1979. On that date the issue of custody of a minor child whose parents' parental rights and obligations have been permanently terminated by a termination order was governed by G.S. 7A-289.33 (repealed 1979). That statute governs our decision. The applicable provisions of G.S. 7A-288 and G.S. 7A-289.33 are essentially the same in meaning. G.S. 7A-289.33 states:

> (1) If the child had been placed in the custody of or released for adoption by one parent to, a county department of social services or licensed child-placing agency and is in the custody of such agency at the time of such filing of the petition, that agency shall, upon entry of the order terminating parental rights, *acquire all of the rights for placement of said child* as such agency would have acquired had the parents whose rights are terminated released the child to that agency pursuant to the provisions of G.S. 48-9 (a) (1), including the right to consent to the adoption of such child. (Emphasis added).

Due to the similarity of the two statutes we think *Browne* is controlling and requires that we hold that plaintiffs did not have standing to seek custody of the child under these circumstances.

**[3]** Plaintiffs base their claim of standing to sue for custody on G.S. 50-13.1 which provides:

> Any parent, relative, or other person, agency, organization or institution claiming the right to custody of a minor child may institute an action or proceeding for the custody of such child, as hereinafter provided.

Considered in isolation that statute would appear to be a general grant of standing to any individual to seek the custody of a child under any circumstances. Therefore, G.S. 50-13.1 appears to be in conflict with G.S. 7A-289.33. However, when G.S. 50-13.1 is examined in context with the other sections of Chapter 50 it becomes apparent that the legislature did not intend that G.S. 50-13.1 apply to grant standing for custody actions in the area of adoption.

Chapter 50 of which this section is a part is entitled "Divorce and Alimony". The clear implication is that G.S. 50-13.1 was intended to apply only in instances where custody disputes arose in the context of separation or divorce.

> [F]or the purpose of learning and giving effect to the legislative intention, all statutes relating to the same subject are to be compared and so construed in reference to each other that effect may be given to all provisions of each, if it can be done by any fair and reasonable interpretation. *Alexander v. Lowrance*, 182 N.C. 642, 109 S.E. 639.

*In Re Blalock*, 233 N.C. 493, 508, 64 S.E. 2d 848, 858 (1951).

G.S. 50-13.1 is preceded by G.S. 50-11.2 which provides:

> Where the court has the requisite jurisdiction and upon proper pleadings and proper and due notice to all interested parties the judgment in a *divorce action* may contain such provisions respecting care, custody, tuition and maintenance of the minor children of the marriage as the court may adjudge. . . . (Emphasis added).

When these two sections are read together as required by the rule of construction of *In Re Blalock, supra*, it seems evident that the legislature did not intend that the general grant of standing in G.S. 50-13.1 apply to custody actions in the adoption context. Plaintiffs' contention that G.S. 50-13.1 gives them standing to seek custody in the case *sub judice* is without merit.

[4]    We turn now to the question of whether the foster parents have legal standing to seek adoption of the child. Defendant contends that it should be granted specific performance of its foster parent agreement with plaintiffs. The agreement is not a part of the record nor has it been submitted as an exhibit. The only portion which is before this Court indicates that plaintiffs agreed "to initiate no proceedings for the adoption or custody of a child without the prior written permission of the supervising agency." Defendant contends that, pursuant to this contract, its permission is necessary before plaintiffs can attempt to adopt the child.

A prior North Carolina case in which an analagous issue was decided was *In Re Daughtridge*, 25 N.C. App. 141, 212 S.E. 2d 519

(1975). The question before this Court in *Daughtridge* was whether the Edgecombe County Department of Social Services could withhold its statutorily granted right to consent to a petition for adoption under G.S. 48-9 (b). We found that the department's statutory right to consent was not absolute, but that the court could proceed in the absence of the department's consent as if consent had been given if the court found it to be in the best interest of the child.

The best interest and welfare of the child is the paramount concern of the court in these cases. The reasoning of *Daughtridge* is likewise applicable to the situation in the instant case. The court must be allowed to determine whether the consent of the department of social services to the plaintiffs' attempt to adopt the child was unreasonably and unjustly withheld. If the Court should find that a failure to allow the plaintiffs to petition for adoption would be inimical to the best interests and welfare of the child, it may proceed as if the permission which it finds ought to have been given had been given.

For a good discussion of the law in other jurisdictions concerning the enforcement of these agreements see: *Validity and Enforcement of Agreement by Foster Parents That They Will Not Attempt to Adopt Foster Children*, Annot., 78 A.L.R. 3d 770 (1977).

[5] Finally, plaintiffs argue that the Clerk of Superior Court erred by transferring plaintiffs' adoption petition to the civil issue docket of the superior court. G.S. 1-273 provides:

> If issues of law and of fact, or of fact only, are raised before the clerk, he shall transfer the case to the civil issue docket for trial of the issues at the next ensuing session of the superior court.

This Court has previously held that this statute controls the transfer of a petition for adoption from the clerk to the superior court docket. *In re Norwood* and *In re Haigler*, 43 N.C. App. 356, 258 S.E. 2d 869 (1979), *review denied*, 299 N.C. 121, 261 S.E. 2d 922 (1980). We think it applies in the present case.

From the pleadings and affidavits contained in the record we think there were such issues of law and fact. Therefore, we find the Clerk properly transferred the case to the superior court for the determination of these issues.

Defendant's contention that the superior court's order of 10 December 1979 concluding that its 12 November 1979 order consolidating these matters for trial was a nonappealable interlocutory order, and that plaintiffs' notice of appeal and appeal entries were nullities was in error has been rendered moot by our consideration of this matter upon petition for a writ of certiorari.

Accordingly, the superior court's order of 13 November 1979 consolidating the custody action and adoption proceeding for trial in the superior court is vacated. The custody action is remanded to the district court with instructions to dismiss due to plaintiffs' lack of standing. The petition for adoption is remanded to the superior court for determination of any issues of fact and law presented.

Judges HEDRICK and WHICHARD concur.